FRANCIS M. SINNET *et al.*

*v.*

EDWARD S. BOWMAN *et al.*

*Filed at Ottawa, June 19, 1894.*

1. CONTEST OF WILL—*amendment of bill—whether stating a new cause of action.* Where a bill to contest a will alleges the want of testamentary capacity in the testator at the time the will was executed, an

Syllabus.

amendment of the bill, alleging that the execution of the will was procured by the exercise of undue influence upon the testator, does not state a substantially new cause of action, but is an attempt to support the cause of action already alleged upon a new ground.

2. Same—*whether bill states undue influence.* A bill to contest a will alleged that the testator, at the time he executed the will, was not of sound mind and memory, and further, that the paper produced was not his will, but, on the contrary, was dictated and arranged by certain of the beneficiaries, and the testator was induced to sign the same: *Held*, that the latter part of the statement was clearly intended as an allegation of a procurement of the execution of the will by the testator by undue influence of the defendants.

3. Same—*effect of decree setting aside the will.* A decree setting aside a will, not only set aside the probate of the same, and declared the alleged will to be void, but also set aside and declared null and void all the proceedings thereunder: *Held*, that the decree did nothing more than to declare the results which necessarily followed the setting aside of the alleged will, and was not erroneous in that respect.

4. Same—*granting a new trial.* On the contest of a will, on the ground of a want of testamentary capacity and undue influence, where the evidence is conflicting, the verdict of the jury will not be set aside, unless it is against the clear preponderance of the evidence.

5. Testamentary Capacity—*former decisions.* The inability of a testator to perform or transact ordinary business, is not a correct and reliable test of testamentary capacity. It can not be said, as a matter of law, that because incapable of transacting ordinary business, a person is incapable of making a testamentary disposition of his estate. By the decision in *Craig* v. *Southard*, 148 Ill. 37, so much as was said in *Keithley* v. *Stafford*, 126 id. 507, sustaining a contrary view, was virtually overruled.

6. Statute of Wills—*section 7 construed—a grant of jurisdiction.* The seventh section of the statute of wills, allowing the contest of wills by bill in equity at any time within three years after their probate, is not a statute of limitation, but is a mere grant of jurisdiction, to be exercised only in case it is invoked within the time prescribed, and that jurisdiction extends to an investigation of every ground upon which the validity of the will may be assailed.

7. Instructions—*conflicting—when reversible error.* Where the evidence is sharply conflicting in a case contesting a will, an error in an instruction as to the test of testamentary capacity, will not be cured by another one laying down a correct test. In such case, it can not be told whether the jury applied the right or the wrong test.

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. W. H. GERT and Mr. J. T. KENWORTHY, for the appellants:

The court erred in permitting the contestants to amend their bill by the amendment of May 25, 1893, charging undue influence, as this was not within three years of the probate of the will. *Luther* v. *Luther*, 122 Ill. 565; *Wheeler* v. *Wheeler*, 134 id. 525; *I. C. R. R. Co.* v. *Cobb*, 64 id. 140.

The fourth and fifth instructions, as given for the contestants, present as the real question to be tried by the jury, whether the testator was competent to transact ordinary business. They inform the jury, that if he was not, then he did not have the mental capacity to make a will. This was error. *Craig* v. *Southard*, 148 Ill. 37; 1 Redf. on Wills, 123, 124; *Campbell* v. *Campbell*, 130 Ill. 481.

Messrs. JACKSON & HURST and Mr. M. M. STURGEON, for the appellees:

The fact that a person is able to make a valid will, because he can transact ordinary business, is only a presumption of law, it is not conclusive. *Greene* v. *Greene*, 145 Ill. 273; *Meeker* v. *Meeker*, 75 id. 266.

Instructions must be considered together. *Cowen* v. *People*, 14 Ill. 348; *Lawrence* v. *Hagerman*, 56 id. 68.

One instruction standing alone may be cured by another. *Chicago* v. *McDonough*, 112 Ill. 85; *Latham* v. *Roach*, 72 id. 179; *Belt* v. *People*, 97 id. 461; *C. W. D. Ry. Co.* v. *Ingraham*, 131 id. 659; *L. E. & W. Ry. Co.* v. *Morain*, 140 id. 120.

The decree is not too broad in setting aside all proceedings under the will. *Moyer* v. *Swygart*, 125 Ill. 262; *Kelley* v. *Davis*, 37 Miss. 76; *Curry* v. *Brantney*, 29 Ind. 195; *Calvert* v. *Carpenter*, 96 Ill. 63.

MR. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by Edward S. Bowman and Guy Bowman, to contest the will of their grandfather, Alanson Sinnet, deceased. Sinnet died December 21, 1885, leaving a paper purporting to be his last will and testament, bearing date November 25, 1885, and which was duly admitted to probate January 4, 1886.

The will, after directing that the testator's debts be paid, made certain provision for Pauline E. Sinnet, his widow, the same to be accepted by her in full of her dower and all other claims upon his estate, and gave $500 to Minnie Sinnet, the daughter of a deceased son, and also devised certain real estate in the city of Rock Island, and gave $100 each in money, to the complainants and two others, the children of a deceased daughter. It then gave to his four children, James W. Sinnet, Georgiana M. Heck, Francis M. Sinnet and Laura E. Wilson, certain sums of money to equalize between them the advancements he had previously made to them respectively, and after devising to Georgiana M. Heck certain real property in full of her interest in his estate, he directed that all the residue of his estate be divided equally between his other three children, viz., James W. Sinnet, Francis M. Sinnet and Laura E. Wilson. Francis M. Sinnet, Isaiah P. Wilson, his son-in-law, and Pauline E. Sinnet, his widow, were appointed executors and executrix of his estate, Pauline E. Sinnet to cease acting as executrix on obtaining her share of the estate.

On probate of the will, letters testamentary issued to the executors and executrix therein named, and they duly qualified and entered upon the administration of the estate, and in due course of administration, the personal property was all or nearly all distributed in accordance with the provisions of the will, though, at the time the bill was filed, the estate had not been fully administered or the executors finally discharged.

At the date of the probate of the will, the complainants and the two other children of the deceased daughter were minors, Edward S. Bowman, the oldest, being then a little over seventeen years of age. He attained his majority October 22, 1889, and his brother, Guy, February 16, 1891, the other two being still younger. The two younger children of the deceased daughter, and all the other heirs at law of Alanson Sinnet, deceased, and the several beneficiaries under the will, were made parties defendant to the bill.

The original bill was filed April 10, 1891, and alleges that Alanson Sinnet, at the time of executing the paper claimed to be his will, was not of sound mind and memory, but, on the contrary, was in his dotage; that his mind and memory were so impaired by disease and old age, as to render him wholly incapable of making any just and proper distribution of his estate; that the so-called last will and testament was not his will, but, on the contrary, was dictated and arranged by James W. Sinnet, Francis M. Sinnet and Laura E. Wilson, and that Alanson Sinnet was induced by them to sign the same; that when it was signed, his mind and memory were so impaired by disease and old age, that he was incapable of understanding it, or of making any just or proper distribution of his estate by last will and testament.

The three residuary legatees answered denying the equities of the bill, and also alleging that, before the complainants became of age, the bequest made by the will to them was paid over by the executors to their guardian, and that he still retains the money so paid over for their use, and that he also took possession of the real property devised to the complainants, and from thence has used, occupied, managed, controlled and enjoyed the same, and paid the taxes thereon; that at the time of filing their bill, the complainants were over twenty-one years of age, and then well knew and had long known the provisions of the will and

their alleged grounds for contesting it, and that with full knowledge thereof, they accepted the provisions of the will in their behalf, and have hitherto retained the benefits thereof, and have never offered to return to the executors the money paid to their guardian for them, and that they have thereby elected to ratify and confirm the will, and are in equity estopped to contest the same.

On the 25th day of May, 1893, the complainants, against the objection of the residuary legatees, were permitted to amend the bill, and by their amendment they alleged that the residuary legatees and others procured the execution of the will by the testator by means of undue arts and influences, and improper, unfair, unreasonable and undue importunities, and the particular modes in which undue and improper influences were used to procure the execution of the will by the testator were alleged and set out at length. With the amended bill was filed the affidavit of Edward S. Bowman that the matters set forth in the amendment did not come to his knowledge until three or four days prior to the filing thereof. The defendants, by their answer to the amended bill, among other things, set up the statute of limitations as a bar to the complainants' right to avail themselves of the fraud and undue influences therein alleged.

A replication having been filed, the court submitted to a jury the issue whether the paper in controversy, purporting to be the last will and testament of Alanson Sinnet, deceased, was his last will and testament or not, and the jury, after hearing the evidence and the instructions of the court, returned their verdict finding that the paper in question was not the last will of Alanson Sinnet, deceased. The court, thereupon, after denying the defendants' motion for a new trial, entered its decree, adjudging and declaring that the paper in controversy, purporting to be the last will and testament of Alanson Sinnet, deceased, is void and of no effect, and setting aside the probate thereof and the pro-

ceedings thereunder, and declaring the same to be null and void. From this decree, the defendants, who are named in the will as residuary legatees, have appealed to this court.

The first point submitted by the appellants which we need to notice is, that the court erred in permitting the complainants to amend their bill by alleging undue influence in procuring the execution of the will. The contention is, that at the time the amendment was filed, the right of Edward S. Bowman, one of the complainants, to relief on that ground, was barred by limitation. At that time Edward S. Bowman had been of age more than three years, and it is undoubtedly true, that he then could not have filed an original bill for the purpose of contesting the will, and it is, therefore, claimed that he at least, was barred from seeking relief, as against the will, upon a new ground then set up for the first time.

We are not prepared to hold that the amendment to the bill did in fact present a new cause of action, so as to be tantamount to the filing of a new bill. The gist of the complaint made by the original bill was, that the paper produced by the proponents was not the will of the testator, and the same is true of the amended bill. In support of their complaint, the complainants, by their original bill, alleged the want of testamentary capacity in the testator at the time the will was executed, and by their amended bill, they support it by the further allegation that the execution of the will was procured by the exercise of undue influence upon the testator. We do not regard this as setting up what is in the nature of a substantively new cause of action, but as an attempt to support the cause of action already alleged upon a new ground.

But even if this were otherwise, we are disposed to think that the ground for relief, set up in the amended bill, was alleged, in substance, though not perhaps with sufficient fullness, in the original bill. In that bill after alleging that the testator, at the time he executed the will, was not of

sound mind and memory, the complainants alleged further, that the paper produced was not his will, "but, on the contrary, was dictated and arranged by the said James M. Sinnet, Francis M. Sinnet and Laura E. Wilson, and the said Alanson was induced to sign the same."

This was clearly intended as an allegation of a procurement of the execution of the will by the testator by undue influence on the part of the residuary legatees, that is to say, by dictating the will themselves, and then prevailing upon the testator to execute it. This was of the very essence of undue influence, and the amended bill makes what is substantially the same attack upon the will, though stated more fully and circumstantially. It can scarcely be said then, that the amended bill had the effect of importing into the case a new ground for equitable relief, but merely that of re-stating with greater fullness, formality and precision, one already set up, in substance, in the original bill.

But we are of the opinion that no question of limitation is involved. The seventh section of the Statute of Wills is not properly a limitation law, but a statute conferring jurisdiction. *Luther* v. *Luther,* 122 Ill. 558. Courts of chancery have no power, apart from the statute, to entertain bills of this character. But the statute provides that, if any person interested shall, within three years after the probate of a will, or, in case of an infant, within three years after his disability is removed, appear, and by his bill in chancery contest the validity of the will, an issue at law shall be made up, whether the writing produced is the will of the testator or not, but that if no such person shall appear within the time thus prescribed, the probate shall be binding and conclusive on all persons concerned. This is merely a grant of jurisdiction to be exercised only in case it is invoked within the three years, and not a limitation upon the exercise of a jurisdiction already existing. The question then is, whether the bill calling into exercise the jurisdiction of the court of chancery to set aside the pro—

bate of the will was filed within the time prescribed by the statute. If it was—and that it was is not disputed—that jurisdiction extends to an investigation of every ground upon which the validity of the will may be assailed, even though some of the grounds may not have been fully or properly set forth in the bill until after the expiration of the three years.

It is next contended that the decree is too broad, in that it assumes not only to revoke and set aside the probate of the will, but also all proceedings thereunder. In *Moyer* v. *Swygart*, 125 Ill. 262, a decree in the same terms was held not to be erroneous as being too broad, it being there said, that it did nothing more than to declare the results which necessarily follow from setting aside the alleged will.

It is urged with great earnestness by the appellants, that the verdict of the jury is against the preponderance of the evidence. The evidence upon the question, whether the testator, at the time he executed the will, was of sound mind and memory, and also upon the question, whether the residuary legatees procured the execution of the will by the exercise of undue influence over the testator, as is usual in cases of this character, is very conflicting. The questions thus presented were all proper matters for the consideration and decision of the jury, and unless we can see that their verdict is against the clear preponderance of the evidence, we ought not to set aside the verdict on the ground that the jury have reached a wrong conclusion as to the facts. But as we shall be compelled to reverse the decree on another ground, thus necessitating a re-submission of the case to another jury, we refrain from expressing any opinion as to the weight of the evidence, thus leaving all questions of fact to be determined by another jury, uninfluenced by any views we may entertain in relation thereto.

Among the instructions given to the jury by the court, at the instance of the contestants, and which were duly excepted to by the proponents of the will, were the following:

"The court further instructs the jury, that, although it may appear from the evidence, that, before the last sickness of Alanson Sinnet, deceased, he was of sound mind and memory, yet, such fact, if proven, will not be sufficient alone to maintain the will in controversy, if the jury, from a preponderance of all the evidence in the case, believe that, afterwards, and in his last sickness, and before said will was executed, said deceased suffered from softening of the brain, and such disease, at the time the will was executed, rendered said deceased not capable of transacting ordinary business.

"The court further instructs the jury, that it matters not, in determining this case, if the jury should find, from the evidence, that Alanson Sinnet, before and at the time of the execution of the alleged will, had intervals of apparent reason, in which he conversed with and knew acquaintances, or that he conversed on familiar topics; if the jury still believe, from a preponderance of all the evidence, that his mind was then impaired by disease to an extent as to render him incapable of performing ordinary business, and if his mind was so impaired at the time of the execution of said will, then said alleged will is not entitled to be regarded as his last will."

The test of want of testamentary capacity laid down in these instructions is the inability of the testator to perform or transact ordinary business. That this is not a correct or reliable test is settled by the recent case of *Craig* v. *Southard*, 148 Ill. 37. We there said: "If it be found that the decedent had capacity to transact ordinary business affairs, the presumption would arise that he was capable of doing any act requiring no greater capacity. The converse of this proposition is not, however, true. Men, ordinarily, have contemplated the ultimate disposition of their effects, and when they enter upon the preparation of their last will, the matter has already taken shape and form, and it may require a much less degree of mental capacity

to intelligently give effect to the purpose already formed, than would be required to protect themselves against the cupidity of others, or to rationally contract, or transact ordinary business.    Hence, it can not be said, as a matter of law, that because incapable of transacting ordinary business, a person is therefore incapable of making testamentary disposition of his estate.''    By this decision, so much as was said in *Keithley* v. *Stafford,* 126 Ill. 507, sustaining the contrary view, was virtually disapproved and overruled.

It follows that the foregoing instructions were erroneous. And as they related to a question upon which the evidence was sharply conflicting, the error can not but have been prejudicial to proponents of the will.    It is not a sufficient answer to say, that other instructions were given which laid down a correct test of testamentary capacity.    As different tests were laid down, some correct and others incorrect, it can not be told whether the jury applied the right or the wrong one.    In view of the conflicting and uncertain state of the evidence, it was of great importance that the jury should be correctly instructed as to the law.    We are of the opinion, therefore, that the error in giving the foregoing instructions is so prejudicial in its character as to necessitate a reversal of the decree.    The decree will accordingly be reversed, and the cause will be remanded to the Circuit Court for further proceedings.

*Decree reversed.*