(No. 13853.—Decree affirmed.)

MARY E. LONGWORTH *et al.* Appellees, *vs.* JAMES M. DUFF, Appellant.

*Opinion filed April 21, 1921.*

1. PARTIES—*when party not before the court will be bound by the decree.* As a general rule the interest of parties not before the court in a proceeding in equity will not be bound by the decree, but there is an exception in cases where parties, though not before the court in person, are so far represented by others that their interests receive actual and efficient protection.

2. SAME—*decree setting aside will is binding on contingent interests of persons not in esse when represented by other parties.* Because of the inconvenience and injustice of requiring the rights of all parties in being to await the possible birth of persons not *in esse* who have contingent interests, a decree setting aside a will is binding upon the contingent interests in reversion or remainder if persons are before the court who have the same interests and are equally certain to bring forward the entire merits of the question so as to give such interests effective protection.

3. SAME—*doctrine of representation by parties having same interests is not limited to persons not in being.* The doctrine of representation by parties having the same interests as those who are not made parties to a bill to contest a will is not limited to the interests of persons not in being, and a decree setting aside a will is binding on all the contingent interests created by the will, including the interests of living children and grandchildren of remaindermen, provided such interests are fully protected by those who are made parties to the bill.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

EVAN WORTH, for appellant.

LIVINGSTON & WHITMORE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is prosecuted to reverse a decree of the circuit court of Logan county for the specific enforcement of a contract for the sale of land, in favor of the vendors and against the vendee.

The only objection made to the decree which has been argued by the appellant is that the title of the appellees was not merchantable, as required by the contract. The land was owned at the time of his death by Albert Longworth, who died on April 21, 1919, leaving Mary E. Longworth, his widow, and Park Longworth, his son, his only heir. They are the vendors in the contract and the appellees. Albert Longworth left a will, which was admitted to probate, by which, after directing the payment of his debts and funeral expenses and bequeathing his household furniture to his widow, he devised the rest and residue of his estate, including the land in controversy, to his nephew, Clifford Longworth, in trust, to rent the land, collect the rent, income and profits, pay all taxes and special assessments, keep the premises insured and in good repair and pay the expenses of administration of the trust, and to pay the net income to Mary E. Longworth, the widow, during her natural life, and after her death to Park Longworth, the son, during his natural life. At Park Longworth's death, if he should leave a child or children or descendants thereof, heir or heirs of his body, surviving, the whole of the estate was devised in fee simple to such child or children, heirs of the body of Park Longworth, surviving him, the child or children of a deceased child to take the parent's share *per stirpes* and not *per capita*. In case Park Longworth died leaving no child or descendant thereof surviving him, the trust estate was devised one-fifth to the heirs of Sarah Ann Farnsworth, a deceased sister of the

testator, the child or children of any deceased child or children of Sarah Ann Farnsworth to take the share of such deceased child or children *per stirpes* and not *per capita;* one-fifth to the heirs of a deceased brother, Augustus T. Longworth, subject to the same provision in regard to the child or children of any deceased child or children; one-fifth, each, to Belinda McCormick and Martha J. Smith, sisters, and David N. Longworth, a brother of the testator, if they were, respectively, living, and if not, then to their children, subject to the same provision as in the devise to Sarah Ann Farnsworth. Clifford Longworth was nominated as executor but declined to act, and letters of administration with the will annexed were issued to Mary E. Longworth.

Park Longworth is forty years old and has never been married. Sarah Ann Farnsworth's heirs were a daughter, who has a son, who has two minor children; two grandchildren, the children of a deceased daughter, who have no children; and two grandchildren, the daughters of another deceased daughter, one of whom has a daughter. The heirs of Augustus T. Longworth are four children, who are living, two of whom also have children. The brother, David Newton Longworth, is living and has two sons, who are living, both of whom have children. The sister Belinda McCormick is living and has a son, who is living, who has children, one of whom also has children. The sister Martha J. Smith has two children, who are living, both of whom have children, and a grandchild, the daughter of a deceased daughter, who also has a child.

On October 3, 1919, Park Longworth filed a bill in the circuit court of McLean county to contest the will of his father, Albert Longworth, which resulted in a decree setting aside the will. The defendants to the bill were Mary E. Longworth, individually and as administratrix; all the heirs of Sarah Ann Farnsworth; all the heirs of Augustus T. Longworth; David Newton Longworth and his two

sons, Clifford and Varner; Belinda McCormick and her son; Martha J. Smith and her children and the child of her deceased daughter. The children of the heirs of Sarah Ann Farnsworth, the children of the heirs of Augustus T. Longworth, the grandchildren of David Newton Longworth, the grandchildren and great-grandchild of Belinda McCormick, and the grandchildren and great-grandchild of Martha J. Smith, were not made parties to the bill, and because of the failure to make them parties it is argued that the decree setting aside the will is not binding on them, and that, if the events upon the happening of which the contingent remainders are devised to them or any of them should occur, such remainders would vest and to that extent the title of the vendors would be defeated.

It is a general rule that the interest of parties not before the court in a proceeding in equity will not be bound by the decree. A person can be divested of his estate without his consent only by the judgment or decree of a court in which he has had an opportunity to be heard, and since it is the object of judicial proceedings to end controversy, all persons who have any substantial interest in the subject matter of the litigation which will be materially affected must, in general, be made parties, and all legatees and devisees in a will are necessary parties to a bill to contest it. This general rule applies to all judicial proceedings, but an exception to it is recognized in cases where a party, though not before the court in person, is so far represented by others that his interest receives actual and efficient protection. The doctrine is especially applicable where the persons who are not before the court are only possible parties not in being, and where the interests of all parties require a decree which will completely and finally dispose of the subject matter of the litigation. Such parties cannot be brought before the court in person, and because of the inconvenience and injustice of requiring the rights of all parties in being to await the possible birth of

persons who may in any contingency acquire an interest in the property the doctrine of representation has been recognized, by which, if persons are before the court who have the same interest and are equally certain to bring forward the entire merits of the question so as to give the contingent interests effective protection, the court will render a complete decree, which will be binding upon the contingent interests in reversion or remainder. This doctrine was announced in the case of *Hale* v. *Hale,* 146 Ill. 227, in which the distribution of the residue of the testator's estate was directed by his will to be made among his grandchildren at the death of the survivor of ten life annuitants. Seven grandchildren were living when the bill was filed and were made defendants. To the objection that there might be other grandchildren who would have an interest in the residue at the time of distribution, it was answered that if other grandchildren should thereafter be born their equitable rights in the estate would be identical with those of the grandchildren who were parties defendant and who were before the court for the protection and defense of those very interests. The decree made the same disposition of the rights of the grandchildren not in being as of those who were in being and made defendants to the bill, and it was held that the grandchildren not *in esse* were fully represented by those in being, and that the decree was valid as a conclusive disposition of the rights of all the beneficiaries, as well those not in being as those who were made defendants to the bill. The opinion of the court quoted and approved the following language in *Bofil* v. *Fisher,* 3 Rich. Eq. 1 : "But the question is whether the court has the power, by its decrees, to alienate the contingent titles of unborn remainder-men, who from the nature of things cannot be made parties or be represented in the proceedings before the court, or to alienate the contingent titles of persons who, though *in esse,* are resident in other States or in foreign lands, whose residences and

even whose names are unknown. To say that the court could not, under circumstances like these, convey away the fee would be to assert a doctrine that would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief unless every person having a contingent and possible interest could be brought before the court would be to sacrifice the rights and interest of the present generation to those of posterity and of citizens to aliens."

In the present case twenty-five of the descendants of the devisees mentioned in the will as contingent remainder-men in case of the death of Park Longworth without descendants surviving him were in being who were not made parties to the bill, and in this respect the case differs from that of *Hale* v. *Hale, supra.* The doctrine of representation, however, is not limited to cases of persons not in being. It was said in *Faulkner* v. *Davis,* 18 Gratt. 651, also quoted in *Hale* v. *Hale, supra:* "This rule of representation often applies to living persons, who are allowed to be made parties by representation for reasons of convenience and justice, because their interests will be sufficiently defended by others who are, personally, parties, and who have motives, both of self-interest and affection, to make such defense, and it is therefore considered unnecessary to make such living persons parties,—and, indeed, improper to do so,—and thus compel them to litigate about an interest which may never vest in them. But the rule also often, and *a fortiori,* applies to persons not in being, and who, of course, may never be in being, who are allowed to be made parties by representation for reasons not only of convenience and justice but of necessity also, because it is impossible to make them parties personally."

In *McCampbell* v. *Mason,* 151 Ill. 500, a deed was executed to the grantor's four children for life and to their issue or the heirs of their body in fee, but subject to a pro-

viso that if either of the grantees should die without is-
sue or heirs of his body the remainder should go to the
surviving grantees for life, with remainder to the issue or
heirs of their body. After a bill was filed to foreclose a
mortgage on the premises, and before final decree therein,
one of the grantees had six children born, all of whom,
except the youngest, were made parties and a decree of
foreclosure was entered. It was held that the interest ac-
quired by the grandchildren under the deed was contin-
gent, and that the decree was conclusive on all of the six
children, including the one not made a party, under the
doctrine of representation. The court followed the case
of *Hale* v. *Hale, supra,* saying that the child who was not
made a party was fully represented in the foreclosure suit
in such a way as to give her interests efficient and com-
plete protection to precisely the same extent as though she
had been formally made a party, and that under these cir-
cumstances she was clearly a party by representation so
as to be bound by the decree to the same extent as were
the others who defended in the same right.

In this case all the living persons whose contingent re-
mainders would have been vested by the present death of
Park Longworth without children surviving him were made
parties to the bill. The contingent interests of those who
were not made parties were of exactly the same character
as the interests of those who were parties, except that they
were farther removed,—that is, they were children or grand-
children or great-grandchildren of the devisees mentioned
in the will as the first takers of the contingent remainders.
They would take only in case of the death of their respec-
tive ancestors and in succession to them and would take
the same estate. Their interests were represented by those
who were parties and who held precisely the same interest.
The defense of one was necessarily the defense of all, and
the interests of those who were not made parties would be
as effectually protected by the defense of those who were,

as if they had been themselves formally made parties to the proceeding. It was not necessary for the court to make provision in the decree for the protection of their interests or the preservation of their rights, as by the decree they had no interest in the land. (*Kent* v. *Church of St. Michael,* 136 N. Y. 10.) The decree rendered was binding on all the contingent interests created by the will. It is true that remainder-men in being not parties to a partition proceeding are not bound by the decree whether their remainders are vested or contingent. (*Baker* v. *Baker,* 284 Ill. 537; *Peterson* v. *Jackson,* 196 id. 40.) This rule does not, however, exclude the doctrine of representation, by which the holders of future contingent interests may be regarded as virtual parties where their interests are represented and effectually protected.

The objection to the title was not a valid objection, and the decree of the circuit court will therefore be affirmed.

*Decree affirmed.*