(No. 14730.—Judgment affirmed.)

Louis McCreery vs. Charles S. Bartholf et al. Appellees.—(David A. Rose, Appellant.)

*Opinion filed October 21, 1922—Rehearing denied Dec. 13, 1922.*

1. Wills—*right to contest will is purely statutory.* The right to contest a will is purely statutory, and such right can be exercised only in the manner and within the limitations prescribed by statute.

2. Same—*all persons interested in will must be made parties to contest.* In a suit to contest a will the complainant must make parties all persons who have any substantial legal or beneficial interests in the will and who will be materially affected by the decree, and if any parties are omitted it is the duty of the court to make them parties, as the court must be able to dispose of the whole case and protect all the interests involved.

3. Same—*defendant to will contest cannot be made complainant after expiration of period for contest.* The fact that a party interested in a will is made a defendant to a suit to contest the will does not prevent him from filing a bill in his own behalf to contest the will, and where he neglects to file a bill or to have himself made a co-complainant within the statutory period of one year his motion to be made a party complainant after the expiration of said period is properly denied, even though the original complainant dismisses his bill.

Duncan, J., dissenting.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. Smith, Judge, presiding.

Carey E. Barnes, A. M. Fitzgerald, and John G. Friedmeyer, for appellant.

Thomas D. Masters, Owen P. Thompson, Walter T. Day, and Howard C. Knotts, for appellees.

Mr. Chief Justice Thompson delivered the opinion of the court:

John H. McCreery died November 20, 1920, leaving as his only heirs-at-law three uncles, Louis and Alfred Mc-Creery, brothers of his father, and David A. Rose, a brother of his mother. He died seized of considerable real and per-

sonal property, including the St. Nicholas Hotel, in Springfield. He left a will executed December 23, 1919, devising practically all his property to Alfred McCreery, an uncle, Charles S. and William J. Bartholf, two cousins, and Alice B. Henry, a friend. His will was admitted to probate December 23, 1920. November 3, 1921, Louis McCreery filed his bill to contest the will to the January term, 1922, of the circuit court of Sangamon county, making all the devisees, legatees and heirs-at-law defendants. Answers were filed by the executor and the devisees and legatees. Replications were filed to these answers. On January 2 court convened for the term, and February 7, following, Louis McCreery, complainant, and David A. Rose, a defendant, joined in a motion asking the court for leave to amend the bill by making Rose a complainant instead of a defendant. This motion was denied. Three days later Rose filed his answer to the bill, admitting the truth of all the allegations of the bill, admitting that complainant was entitled to the relief prayed, and asking the same advantage under his answer as if he were complainant to the bill. Three days later the trial began. After formal proof of the record of probate was made and after the testimony of the subscribing witnesses had been heard, Louis McCreery arose in open court and in person asked that the bill be dismissed. Rose objected to the granting of the motion and asked leave to proceed with the trial of the cause. The court denied the request, dismissed the bill and entered a decree accordingly, from which decree this appeal has been perfected.

The sole question presented for decision is whether appellant, by his failure to act before the expiration of the statutory period to contest the will, lost his right to conduct the contest in his own name. In this State the right to contest a will is purely statutory, and such right can be exercised only in the manner and within the limitations pre-scribed by the statute. (*Storrs* v. *St. Luke's Hospital*, 180 Ill. 368; *Selden* v. *Illinois Trust and Savings Bank*, 239 id.

67; *Lewark* v. *Dodd,* 288 id. 80.)   Prior to December 23, 1921, appellant had the right to file a bill to contest the will of his deceased nephew.   This right to contest arose because of his relationship to the testator and by virtue of the statute.   His right to contest was not affected in any manner by any act done by Louis McCreery.   It is true that it was necessary for Louis McCreery to make parties all persons who had any substantial legal or beneficial interest in the will of John H. McCreery and who would be materially affected by a decree entered in a suit to contest that will.   (*Brown* v. *Riggin,* 94 Ill. 560; *Riley* v. *Webb,* 272 id. 537.)   Appellant was a necessary party, and if the original complainant had failed to name him as a defendant, it would have been the duty of the court, as soon as it learned of the situation, to make him a party.   (*McMechan* v. *Yenter,* 301 Ill. 508.)   The reason for this rule is apparent.   When all the necessary parties are before the court the whole case may be considered and all interests protected, and the court is enabled to make a complete decree binding on all parties who have a substantial beneficial interest in the subject matter of the litigation and thereby dispose of the whole cause.

Appellant argues that his interests were identical with those of the original complainant, and that he became, on the filing of the bill setting out this identity of interests, a co-contestant, and that any decree entered at the conclusion of a trial on the merits would affect his interests exactly the same as it would affect the interests of the original complainant.   He argues that by the filing of the bill by any person interested within one year after the probate of the will the circuit court was given jurisdiction to inquire into the validity of the instrument, and that thereafter all necessary parties have the right to have a judgment of the court upon that question; that the complainant by filing his bill not only acquired the right for himself, but that he conferred it just as fully upon all other persons interested in

the subject matter; that the jurisdiction of the court is invoked just as much for the benefit of all parties in interest as for the complainant; that every right which the complainant acquires by the filing of the bill inures to the benefit of every other person interested, and that all the rights of such other persons are saved and protected. In support of his position he relies upon decisions of courts of other jurisdictions, chief among which is *Maurer* v. *Miller,* 77 Kan. 92, 93 Pac. 596. In that case a bill was filed to contest a will and an heir-at-law was not made a party. After the statutory period within which a contest could be filed had expired the heir filed a motion to be allowed to intervene, and this motion was allowed and she filed her intervening petition. A demurrer was sustained to this petition on the ground that she lost her right to participate in the suit by her failure to become a party within the statutory period. The sole question presented for decision was the right of the heir-at-law to be made a party to the suit, and the court properly held that she was a necessary party and that it was proper to permit her to intervene. This holding was in accord with the well established rule that all persons who are to be affected by a final decree should be made parties. Having rightly decided this question the court proceeded to discuss and decide a question not involved. This dictum holds that if the original complainant should see fit to abandon the suit the intervener might thereafter maintain the action. The decision of the court on the point involved is in accord with the decisions of this court, but we do not agree with the dictum.

We have been referred to no decisions in this or other jurisdictions upon the point presented by this record. There are, however, some decisions in this State which we consider in point in principle. In *Matter of Storey,* 120 Ill. 244, a writing purporting to be a will was denied probate and two of the interested parties prosecuted separate appeals to the circuit court. One of the appeals was dismissed

and the hearing proceeded on the appeal of one of the heirs-at-law, the other heirs-at-law participating in the hearing as contestants or proponents, as their interests advised them. As the hearing on the appeal was drawing to a close and after the evidence had been heard appellant moved to dismiss her appeal, and upon objection of one of the interested parties the motion was denied. In discussing the right of appellant to dismiss her appeal notwithstanding it adversely affected the interests of an adversary party, we said: "Unless we are prepared to depart from a line of decisions in this State, the reasonableness and propriety of which have not until this present case been seriously questioned but long acquiesced in by both bar and courts, we shall be compelled to hold that a plaintiff in error, and an appellant on appeal, may at any time before judgment dismiss his writ of error or his appeal and may do so over the objection of his adversary; and this we must do notwithstanding the line of decisions in other States to which our attention has been called, where in the probate of a will a contrary doctrine has been announced." And again: "It is by them contended with great earnestness that Mrs. Farrand ought not to be permitted to withdraw her appeal from the circuit court after Mrs. Storey had appeared and produced evidence establishing the validity of the will, and thereby forever defeat the probate of this will and the intention of the testator. To this it must be answered, if such would be the legal consequences it does not lie in the mouth of Mrs. Storey to complain. The law gave her the undoubted right to appeal from the decision and judgment of the probate court denying probate of this will, in the probate of which she had obviously so large a pecuniary interest, and this right she understood and exercised; and the same law gave her the undoubted right to dismiss her appeal, and thereby, so far as she was concerned, leave in full force the judgment of the probate court, and this right she also understood and exercised; and if it be true that by dismiss-

ing her appeal she has put it in the power of Mrs. Farrand to exercise the same right, under the law, of dismissing *her* appeal although the consequences stated may follow, we are unable to perceive upon what principle this court, whose only province it is to declare the law, can be asked to declare one rule for Mrs. Storey and another for Mrs. Farrand, in the same cause and in respect of the same subject matter." And so in the case at bar it can be just as truly said that appellant had the right to file a bill to contest his nephew's will and he had the right to dismiss his bill if he chose. He cannot now be heard to complain because Louis McCreery has done what appellant himself had an equal right to do. To the same effect is our holding in *Senn* v. *Gruendling,* 218 Ill. 458, and *Hitchcock* v. *Green,* 235 id. 298. In the latter case the question was whether a petitioner for the probate of a will could dismiss his petition against the objection of a party contesting the probate, and it was held that the petitioner had such right.

The fact that Louis McCreery filed his bill and made the appellant a party defendant did not prevent the appellant from filing a bill in his own behalf. Furthermore, under section 32 of the Circuit Court act (Hurd's Stat. 1921, p. 971,) appellant had the right, with the consent of the original complainant, to have the bill amended so as to make him a co-complainant within the statutory period of one year. Fifty days intervened between the filing of the bill and the expiration of this period, but no action whatever was taken by appellant. After the expiration of the period within which a bill to contest a will could be filed, the circuit court properly denied the motion of appellant to be made a party complainant and properly denied his motion to continue and to control the cause after it had been dismissed by the original complainant.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. Justice Duncan, dissenting.