(No. 16328.—Reversed and remanded.)
CHARLES O. MORTIMORE *et al.* Appellants, *vs.* MILDRED BASHORE *et al.* Appellees.

*Opinion filed June 18, 1925.*

1. EQUITY—*persons not in being cannot be made parties under section 7 of Chancery act—devise.* Section 7 of the Chancery act, providing that in suits in chancery and to obtain title to lands persons interested whose names are unknown may be made parties as unknown owners or unknown heirs or devisees has no application to persons not yet in being, and where the object of a bill is to have a devise construed in favor of living nephews and nieces as against those who may be born in the future, a decree cannot be entered where the unborn parties are not before the court by proper representation.

2. PARTIES—*when the doctrine of representation does not apply.* The doctrine of representation applies only where persons are before the court who have the same interests as those of persons not in being or not before the court and who will be equally certain to bring forward the merits of such interests and give them effective protection, and the doctrine does not apply where all the known parties to the suit are certain living nephews and nieces whose interests are antagonistic to the contingent interests of afterborn nephews or nieces.

3. SAME—*case should not be decided on merits where necessary party is omitted.* Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests the court should not proceed to a decision of the case upon the merits, and the objection may be made by a party at the hearing or on appeal or error, or the court will upon its own motion take notice of the omission and rule accordingly.

APPEAL from the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding.

Greenebaum & Burns, for appellants.

Mr. Chief Justice Dunn delivered the opinion of the court:

Mrs. Emma Hughes was the owner of certain real estate in Livingston county and on December 19, 1903, made her will, by paragraph 3 of which she disposed of a part of such real estate in the following language:

"3rd. I give, devise and bequeath unto my husband John Hughes the west half (W ½) of the southeast quarter (SE ¼) and the east half of the southwest quarter (SW ¼) all in section twenty (20) in township twenty-eight (28) north, range six (6) east of the third principal meridian in the county of Livingston and State of Illinois. The last above described land is to be used and controlled by my husband and he is to have all rents and profits for a term of twenty-five years from the date of this my last will. but if my husband John Hughes should depart this life then his interest in the last above described land ceases at his death.

"It is my will that my husband John Hughes is to pay all taxes and keep the buildings insured and keep the buildings in as good repair as they were when he received the charge and use of the property except the natural wear and should any of the buildings burn then my husband is to re-build using the insurance money as far as it goes and the balance is to be furnished by my husband John Hughes at his own expense. In the event of my husband's death or if my husband refuses to use and control the above described land in the above described manner the executor of this my last will is to take charge and control of the estate for the unexpired part of the twenty-five years from the date of this my last will and keep the place and buildings in the same condition as above requested of my husband and rent the estate for cash or grain rent as the times and

place demands and at the end of each year after paying all
expenses that will be an encumbrance on the estate then
the remainder to be divided equally among my nephews
and nieces, sons and daughters of Ida A. Mortimore and
Mary E. Bashore, but in case any of the buildings should
be destroyed or damaged then the rent is to be applied after
the insurance money has been used to finish paying for the
expense of rebuilding until the expense of rebuilding is all
paid then the rent is to be divided as above mentioned and
at the expiration of the twenty-five years from the date of
this my last will then the last above described estate is to
be divided equally among my nephews and nieces, sons and
daughters of Ida A. Mortimore and Mary E. Bashore."

The testatrix died on October 12, 1916, and her will
was admitted to probate in the county court of Livingston
county. Her husband, John Hughes, survived her, accepted
the devise made to him and occupied and used the land as
provided in the will until his death. The testatrix's sister
Ida A. Mortimore had three children, Charles O. Morti-
more, Wanda E. Drew and Alice I. Dawson, and her sister
Mary E. Bashore had two children, Mildred Bashore and
John Leslie Bashore, who are adults and are all the neph-
ews and nieces of the testatrix. Marion Gallup was executor
of the will, and on November 24, 1923, after the death of
Hughes, executed a quit-claim deed, as trustee and execu-
tor, to Charles O. Mortimore, Wanda E. Drew, Alice I.
Dawson, Mildred Bashore and John Leslie Bashore of all
the right, title and interest that he acquired, as such trus-
tee, under the will. Charles O. Mortimore, Wanda E. Drew
and Alice I. Dawson filed a bill to the January term, 1924,
of the circuit court of Livingston county, for a construc-
tion of the will, making Mildred Bashore and John Leslie
Bashore, and Marion Gallup, individually and as executor
and trustee, parties defendant. In addition to these defend-
ants the bill prayed that the unknown child or children of
Ida A. Mortimore and of Mary E. Bashore, and the un-

known owners of the real estate in question, might be required to answer the bill; that a guardian *ad litem* might be appointed to care for and represent their interests; that the court might determine as to whether the premises were free from any trust and free and clear of any right, title or interest of any unborn child or children of Ida A. Mortimore and Mary E. Bashore. The named defendants entered their appearance but filed no answer and were defaulted, publication was made for the unknown children and unknown owners mentioned in the prayer of the bill, a guardian *ad litem* was appointed for such unknown defendants, who filed a formal answer, which was replied to, and the cause was referred to the master. The master reported the evidence with his conclusions, the objections of the complainants were overruled and renewed as exceptions before the chancellor, who also overruled them, the report of the master was confirmed, and a decree was entered declaring that the intention of the testatrix as expressed in her will was to devise the premises in question to her nephews and nieces, the sons and daughters of Ida A. Mortimore and Mary E. Bashore, subject to the right of John Hughes to use and control the premises during his lifetime or until December 19, 1928, and subject also to the provision that should Hughes die before that date the executor of the will should have the management and control of the premises for said nephews and nieces and hold the premises in trust for them from the death of Hughes to December 19, 1928, and it was also the testatrix's intention to postpone for twenty-five years from December 19, 1903, the control, management and use of the *corpus* of the devise to nephews and nieces and to devise to them a vested remainder in the real estate, subject to be opened up and let in other children born to Ida A. Mortimore and Mary E. Bashore prior to December 19, 1928. The complainants prayed an appeal to the Supreme Court, which was allowed, and they filed an appeal bond payable "to the Peo-

ple of the State of Illinois for the use of any child or children that may be born to Ida A. Mortimore and Mary E. Bashore," reciting the rendering of a decree "that the title to said premises involved in said cause was vested in the parties therein named, subject, however, to open up and let in any after-born children of Ida A. Mortimore and Mary E. Bashore," and conditioned for the prosecution of the appeal and the payment of costs.

The only part of the decree recited in the appeal bond is that which declares the devise to the nephews and nieces of the testatrix a vested remainder, subject to be opened up to let in other children born to Ida A. Mortimore and to Mary E. Bashore prior to December 19, 1928, and the appeal bond is made only for the benefit of such unborn children; but the appellants have also argued the propositions that the will did not create a trust; that if it did, the trust was merely a dry trust executed by the statute; and that if a trust was created which was an active trust and not executed by the statute, still the living nephews and nieces of the testatrix are vested with an equitable title in fee simple, free of any contingent interest in children of the sisters of the testatrix who may be born prior to December 19, 1928.

The whole decree is void. Section 7 of the Chancery act, which provides that in all suits in chancery and suits to obtain title to lands, if there be persons interested in the same whose names are unknown, it shall be lawful to make such persons parties to such suits or proceedings by the name and description of unknown owners or unknown heirs or devisees of any deceased person, refers only to persons in being. It has no application to persons not in being but who may be born in the future or may never be born. (*Weberpals* v. *Jenny*, 300 Ill. 145.) The capacity to sue or be sued exists only in persons in being and not in those who are dead or have not yet been born and so cannot be brought before the court. The general rule is, that the interest of parties not before the court in a proceeding in

equity will not be bound by the decree, but it is subject to the recognized exception that where a party, though not before the court in person, is so far represented by others that his interest receives actual and efficient protection he will be bound by representation. The doctrine of representation applies, however, only where persons are before the court who have the same interests as those of persons not in being or not before the court and who will be equally certain to bring forward the merits of such interests and give them effective protection. It does not apply to a case such as this, where the living nephews and nieces claim the fee under the will and deny that nephews or nieces who may hereafter be born can take any interest under the will. (*Weberpals* v. *Jenny, supra; Longworth* v. *Duff,* 297 Ill. 479.) The interest of both the complainants and the defendants, who are all the living nephews and nieces of the testatrix, is the same and is adverse to the interests of nephews and nieces who may be born hereafter, and whose right to share in the devise the living nephews and nieces deny. The attempt to make unborn children parties under that name or as unknown owners was ineffectual, and their interests were not before the court by representation or otherwise. All persons are necessary parties to the litigation who have an interest in the subject matter which will be materially affected by the decree. The contingent interests of future-born children cannot be bound by the result of a litigation to which they were not parties and in which they were not represented. Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests the court should not proceed to a decision of the case upon the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and rule accordingly. (*Gerard* v. *Bates,* 124 Ill. 150; *Abernathie* v. *Rich,* 229 id. 412;

*McMechan* v. *Yenter,* 301 id. 508; *Webster* v. *Jackson,* 304 id. 569.) The court should, before proceeding in the cause, require the omitted party to be made a party to the litigation, but since there is no person in being who can be made a party to represent the contingent interests, which it is the object of the bill to have declared invalid, the complainants cannot proceed with the litigation.

The circuit court should have dismissed the bill without prejudice. The decree will be reversed and the cause remanded, with directions to enter such a decree.

*Reversed and remanded, with directions.*