**Malinda Krunfus, et al., Plaintiffs-Appellants, v. Herman Winkelhake, Jr., et al., Defendants-Appellees.**

**Gen. No. 48,982.**

First District, Second Division.

October 22, 1963.

Rehearing denied and opinion modified
November 22, 1963.

Nat M. Kahn and Basil N. Pyshos, of Chicago, for appellants.

Groble & O'Flaherty of Chicago (Paul B. O'Flaherty, of counsel), for Herman Winkelhake, Jr., Individually and as Executor of the Will of Herman Winkelhake, Deceased, et al., appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Cook County entered on March 12, 1962 sustaining the motion of defendants to dismiss a will contest suit on the ground that necessary parties had been omitted as parties defendants.

The plaintiffs, Malinda Krunfus and Eleanor Schroeder, daughters of the decedent, Herman Winkelhake, brought this suit one day short of nine months after the date of admission to probate of the will of their father, to set aside the will on the ground of

■■■■■■■■■■

undue influence. On February 13, 1962 the defendants, Alvina Winkelhake, Louis Winkelhake and Herman Winkelhake, Jr., filed a motion for summary judgment on the grounds that necessary parties had not been joined. These omitted parties were the ten living children of Herman Winkelhake, Jr., Louis Winkelhake, Malinda Krunfus and Eleanor Schroeder, and also possible unborn beneficiaries. All these omitted parties were contingent heirs whose legacies or devises depended upon the death of their respective parents prior to the death of their grandmother.

■■ The plaintiffs suggested to the court that the interests of all of the omitted parties were protected by the doctrine of virtual representation, and that therefore they need not be joined as defendants. They also asked to amend their complaint to add the omitted parties as parties defendants. The lower court denied the motion of plaintiffs to amend their complaint and dismissed the suit for lack of jurisdiction over the parties.

Section 91 of the Probate Act (Ill Rev Stats c 3, § 91) states: "The executor under the will or administrator with the will annexed and all heirs, legatees, and devisees of the testator shall be made parties to the suit." 6 James, Illinois Probate Law and Practice, § 1603, p 581, states: "The executor or administrator with the will annexed and all heirs, legatees, and devisees of the testator are *necessary* parties." (Emphasis supplied.)

No provision comparable to Section 91 appeared in Section 7 of the old Wills Act or in any other prior legislation defining the parties who must be joined in a will contest suit. The doctrine of virtual representation of living parties is a general equitable principle which clearly applied under the old Wills Act (Longworth v. Duff, 297 Ill 479, 484, 130 NE 690; Mortimore v. Bashore, 317 Ill 535, 540, 148 NE 317;

Weberpals v. Jenny, 300 Ill 145, 155, 133 NE 62). The question of adequate representation was left to the discretion of the court and the court often joined omitted parties upon its own motion.

██ In 3 James, Illinois Probate Law and Practice, § 90.5, p 119, the author states with reference to Section 90 of the Probate Act (Ill Rev Stats c 3, § 90):

> "When a bill is filed to contest a will the jurisdiction invoked is not the general equity powers of the court, but the special statutory jurisdiction, and so far as the scope or extent of the jurisdiction extends this is to be determined by the same rules that would apply if the jurisdiction was conferred upon some tribunal created to exercise this special jurisdiction and no other."

See, O'Brien v. Bonfield, 220 Ill 219, 222, 77 NE 167; Masin v. Bassford, 381 Ill 569, 46 NE2d 366; and McQueen v. Connor, 385 Ill 455, 53 NE2d 435, for statements of similar import. We believe that the above principles apply also to questions of jurisdiction of the parties. The general equity doctrine of virtual representation has been superseded by the clear, simple mandatory formulation of Section 91 by which an attorney may quickly and easily know who is a necessary party in a will contest suit. Where the doctrine of virtual representation was most useful—in cases involving unborn heirs, unknown parties, minors and the insane—the legislature has substituted the requirement of guardians ad litem (see Section 6 of the Chancery Act and Section 232 of the Probate Act).

Section 91 was inserted in the Probate Act to avoid the anomalous results which the widespread use of judicial discretion sometimes attests. It is true that it does codify the old law (3 James, Illinois Probate Law and Practice, § 91, p 137), however, it does not preserve the anomalies. It would certainly be a de-

struction of the purpose of that section to allow the continuance of the doctrine of virtual representation to parties who appear as legatees or devisees on the face of the will. In this case the omitted parties, although contingent legatees or devisees, were designated as "child or children" in paragraphs five and seven of the will. They are required as necessary parties by Section 91; they may not be represented unless by statutory means.

 Plaintiffs next contend that even though the omitted parties be necessary parties it was the duty of the court to admit them upon its own motion or in the alternative to allow plaintiffs to amend their complaint to join the omitted parties as defendants. Section 90 of the Probate Act sets out the jurisdictional requirements for will contests:

> "Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. . . ." (Ill Rev Stats c 3, § 90.)

Section 5 of the Probate Act provides:

> "The provisions of the Civil Practice Act and all existing and future amendments and modifications thereof, and the rules now or hereafter adopted pursuant to that Act, shall apply to all proceedings hereunder, except as otherwise provided in this Act. . . ." (Ill Rev Stats c 3, § 5.)

Section 26 of the Civil Practice Act provides:

> "No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable oppor-

128

tunity to add them as parties. . . ." (Ill Rev Stats c 110, § 26.)

Section 46(1) of the Civil Practice Act provides:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant changing the cause of action or defense or adding new causes of action or defenses, and in any matter either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand." (Ill Rev Stats c 110, § 46(1).)

A proceeding to contest a will has always been regarded as an in rem proceeding in which no judgment could be rendered until all interested parties were before the court. (Stephens v. Collison, 249 Ill 225, 94 NE 664; McMechan v. Yenter, 301 Ill 508, 134 NE 39; McCreery v. Bartholf, 305 Ill 325, 137 NE 242; Bradford v. Andrews, 20 Ohio St 208; 8 ALR2d 135.) For this reason the general rule that amendments to a petition do not relate back to the date of the filing of the original petition where the statute had run against the new parties did not apply (8 ALR2d 112, 115, 135). In fact, the courts, upon their own motion, admitted omitted parties where necessary. (McCreery v. Bartholf, 305 Ill 325, 137 NE 242; McMechan v. Yenter, 301 Ill 508, 134 NE 39.)

Regardless of whether we consider a will contest suit a proceeding in rem or not, it is clear that no effective judgment can be rendered in the absence of necessary parties. Although the courts under the old

129

Probate Acts joined parties on their own motion we believe that the joinder of defendants in this case should be determined by Section 46(1) of the Civil Practice Act. Section 46(1) is a carefully written provision which was enacted to avoid the old "relation back" distinctions and to provide liberal means whereby parties who met its requirements would secure their day in court.

■ The defendants have urged, in reliance upon Strachan v. Nisbet, 202 F2d 216, that since Section 90 of the Probate Act is a statute conferring jurisdiction and not a statute of limitation (Sinnet v. Bowman, 151 Ill 146, 37 NE 885; O'Brien v. Bonfield, 220 Ill 219, 77 NE 167), there can be no addition of parties, either of plaintiffs or of defendants, after the nine-month jurisdictional period has passed. The special jurisdiction of the court in a will contest case under Section 90 establishes an absolute time period during which a suit must be filed and lifts the proceeding out of the general rules of equity and subjects it to those special statutory provisions enacted to govern it. These special statutory provisions include the provisions of the Civil Practice Act as well as the provisions of the Probate Act. The Supreme Court in Fleshner v. Copeland, 13 Ill2d 72, 77, 147 NE2d 329 in rejecting the reasoning of the Strachan case, recognized that Section 46 of the Civil Practice Act, which on its face purports to govern all "relation back" situations, applied to this situation and "to hold otherwise would frustrate the act's liberal purpose and cause a substantial miscarriage of justice."

To hold that Section 90 of the Probate Act does not permit the addition of necessary parties defendant after the original nine-month jurisdictional period had passed would cause a direct conflict with the provisions of Section 46 and the mandate of Section 26 of the Civil Practice Act which by Section 5 of the Pro-

130

bate Act are made expressly applicable to this situation.

The defendants have further urged that if the Civil Practice Act applies the plaintiffs must meet the provisions of Section 46(4). They point out that, although the suit was filed within the nine-month jurisdictional period required by Section 90 of the Probate Act; provisions 46(4)(c) and (d) have not been met because service of process was not made upon any defendant until after the nine-month period had run. Rather than belabor the point, it is evident from the joint committee comments (SHA, c 110, § 46, p 610) that Section 46(4) was enacted to cure the rule of Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280 in which case an action against a proper party defendant had been held barred by limitations even though that defendant through its agent had been served with summons. Section 46(1) is very general on its face and applies to this situation where no limitation has run against the necessary defendants rather than 46(4) which was enacted to apply to situations where the statute had run against omitted defendants.

■ ■ When a suit to contest a will is filed by an appropriate party within the nine-month absolute jurisdictional limit required by Section 90, whether or not all necessary parties defendant have formally been brought into the suit before the nine-month period has run, that absolute jurisdictional period is met. There is no question here nor may our remarks here be taken to apply to any case involving the tolling of a statute of limitations as to necessary or proper parties who were not parties when the statute conferring jurisdiction or limiting the cause of action had expired as to those parties. When a suit to contest a will is filed by the appropriate parties within the proper time—at that time—the interests of all parties defendant taking under the will become jeopardized and no necessary

131

party defendant taking under the will may thereafter rely upon the nine-month limitation. We suggest that this was the rule prior to the passage of our present Probate and Civil Practice Acts. We hold that omitted necessary parties defendant should be admitted by amendment rather than by motion of the court as was formerly done because there does not appear to be statutory authority for the latter procedure under the present Civil Practice Act. The citing of this case should be limited to cases involving will contests.

For the reasons mentioned above we believe that the decree should be reversed and that plaintiffs should be allowed to amend their complaint to bring in the omitted necessary parties so that the case may proceed upon the merits. The decree is reversed and the cause is remanded with directions for further proceedings.

Decree reversed and cause remanded with directions.

FRIEND, J., concurs.

BURKE, P. J., specially concurring:
The defendants well say that the principal question raised by this appeal is the effect, in a will contest suit, of failure to join all necessary parties designated in Sec 91 of the Probate Act (whether as plaintiffs or as defendants) within the nine-month jurisdictional period prescribed by Sec 90. The jurisdiction of the court in will contests is invoked by filing a complaint within the statutory period. The plaintiffs in the instant case satisfied the jurisdictional requirement by instituting their will contest within the nine-month contest period. In Stephens v. Collison, 249 Ill 225, 94 NE 664, it was decided that if the jurisdiction is invoked by filing the complaint within the prescribed time the failure to make a necessary party a defendant within this time is not a failure to invoke the jurisdic-

tion within the prescribed time. See also Fleshner v. Copeland, 13 Ill2d 72, 147 NE2d 72 (1958).

Defendants say that Sec 91 of the Probate Act must be read in conjunction with Sec 90 as requiring necessary parties to be joined within nine months after admission of the will to probate as a condition precedent to jurisdiction attaching. In their argument the defendants rely heavily on Strachan v. Nisbet, 202 F2d 216 (1953) an opinion by the 7th Circuit interpreting and applying Illinois law in a diversity case. Defendants say that the Probate Act of 1939 departed from the antecedent will contest legislation by (a) diminishing the jurisdictional period for contest from one year to nine months; (b) eliminating the provision in Sec 7 of the Wills Act saving the right of contest to infants and persons non compos mentis for a period of one year after the removal of their disability and (c) introducing as a condition to invoking the will contest jurisdiction of the court a mandatory requirement that the executor under the will or administrator with the will annexed and all heirs, legatees and devisees be made parties to the suit.

The Strachan case decided that after the expiration of the will contest period no person can be added as a co-plaintiff in a will contest case and is not applicable to the factual situation of the case at bar. The court said that the right to contest the will was lost to the 19 heirs at law not made parties or not joined as parties during the nine-month period mentioned in the statute. Sec 91 of the Probate Act codifies the case law as it previously existed. In Vol 3 of Illinois Probate Law and Practice, p 136, note 54, Professor James states: "When the complaint is filed within apt time, an amendment may be made after the time has elapsed for filing the proceeding, and omitted parties may be added as defendants." In my opinion

133

the 1939 revision of the Probate Act does not affect the virility of the rule as to admission of additional defendants as announced in Stephens v. Collison.

Plaintiff's complaint seeks to set aside a will and not to secure a personal judgment against an individual or individuals. The requirement that an interested party file the complaint within nine months is not a statute of limitations but one conferring jurisdiction. Sinnet v. Bowman, 151 Ill 146, 37 NE 885; Lewark v. Dodd, 288 Ill 80, 82, 123 NE 260. After jurisdiction has attached the naming of additional parties defendant is a matter within the sound discretion of the court. The complaint does not pretend to allege a "cause of action against a person" contemplated by Par 4 of Sec 46 of the Civil Practice Act and this paragraph is not applicable to a complaint to set aside a will. The court had the discretionary right to make additional necessary parties defendant under Par 1 of Sec 46. In McCreery v. Bartholf, 305 Ill 325, 137 NE 242, the court said that it was necessary to make parties all persons who had any substantial, legal or beneficial interest in the will and who would be materially affected by a decree entered in a suit to contest the will. In McCreery, the court said that the appellant was a necessary party and that "if the original complainant had failed to name him as a defendant, it would have been the duty of the court, as soon as it learned of the situation to make him a party." I agree that the opinion and separate concurring opinion should not be cited in support of proposed amendments allowing the addition of defendants against whom the statute of limitations has run in common law and other causes of action.