# BOARD OF SUPERVISORS OF CLARK COUNTY

*v.*

# RUFUS C. LAWRENCE.

1. PLEADING AND EVIDENCE—*common counts.* A county order signed by the county clerk and countersigned by the treasurer, is evidence of indebtedness on the part of the county issuing the same, and is, therefore, admissible in evidence under the common counts.

2. COUNTY ORDER. A county order is properly executed when signed by the clerk and countersigned by the treasurer of the county. No seal of office is required, and the mere fact that such order is issued and delivered in another county will not render it illegal.

3. BOUNTY TO SOLDIER. The county board, by resolution, offered a bounty to each soldier who might enlist in the late civil war, and be credited to any of the towns of the county, and the plaintiff under such resolution agreed to enlist. Subsequently an act of the legislature was passed authorizing the payment of bounties by counties, after which the plaintiff was accepted by the United States and mustered into the service and credited to the county. After this the county board readopted its former resolution, but it did not appear whether this was before or after the issuance and delivery of the order of the county for the payment of the

bounty: *Held*, that as the actual enlistment was after the act of the legislature, the county was liable; that as the plaintiff was credited to the county, some one or all of the towns composing the county received the benefit, and that a neglect to levy a tax to pay the order could not affect the contract.

APPEAL from the Circuit Court of Clark county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was an action to recover the amount of a certain county order. The following is a copy of the order:

"STATE OF ILLINOIS, ⎰ ss.　　　　Board of Supervisors,
　　Clark county.　⎱　　　January Special Term, 1865.

　$400.]

*Treasurer of said County*,

　　　Pay Rufus C. Lawrence or bearer the sum of four hundred dollars for services rendered the United States as a soldier, out of any moneys in the treasury, not otherwise appropriated.

　　　　　　　　　　　　　　　A. B. BRISCOE,
　　　　　　　　　　　　　　　　　*County Clerk.*"

Written across the face: "Wm. H. Coons, treasurer."

The other facts appear in the opinion.

Mr. JOHN P. BAIRD, CHARLES CRAFT, JAMES M. ALLEN and WILLIAM MACK, for the appellant.

Messrs. SCHOLFIELD & WILKIN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The declaration, in this case, contained two special counts and the common counts.

The facts agreed upon and necessary to a comprehension of the case, are the following: That appellant, by a series of resolutions adopted in January, 1865, offered a bounty of

3—63D ILL.

four hundred dollars to each soldier who might enlist in the
military service of the United States, and be credited to any
of the towns of the county; on the 7th of February, 1865, an
act was passed by the legislature, authorizing the payment of
bounties to enlisted men, and providing all the machinery to
make it effectual; on the 5th of February appellee signed a writ-
ten agreement to enlist, and on the 8th was mustered into the
service, and credited to Clark county; the county order sued
on was delivered after the passage of the act, and prior to
the 25th of March—the exact day is not mentioned in the
agreement; and on the 15th of March, 1865, the board of
supervisors, by a series of resolutions, referred to the resolu-
tions of January previous, and substantially re-adopted them,
only the latter series are more full than the former.

It is not necessary to determine whether the special counts
are good or bad. The agreement between the parties shows
that the order was executed in conformity to law so far as the
form is concerned. It was signed by the county clerk and
countersigned by the treasurer. The genuineness of the sig-
natures was not disputed; and, the order, having been executed
in accordance with the requirements of the statute, it was
evidence of an indebtedness on the part of the county, for
which the board of supervisors was liable to be sued, and to
which, as the corporate authority of the county, it must
respond, and could only defeat by proof of, a substantial
defense. The county order was therefore competent evidence
under the common counts.

It is also urged that, as the enlistment was previous to the
passage of the act, therefore the county order is a nullity;
that the soldier was never credited to any of the towns of the
county; that no tax was ever levied for the payment of the
order; and that the order is illegal, because issued outside the
county.

The enlistment contemplated by the resolutions, was not be-
fore the passage of the act. The tenor, as well as the language
of the resolutions, were, that the bounty should be paid when

the person had enlisted and been mustered into the military service. The enlistment referred to in the argument, was a mere agreement to enlist. This did not release the county from its liability to the draft. Nothing could accomplish this result but the inspection of the man, and the entry of his name upon the muster-roll. Then he was credited to the county, and a certificate of the provost marshal given, to that effect.

Though the agreement to enlist was on the 5th of February, the actual mustering in—the essence of the resolutions—was on the 8th, and subsequent to the passage of the act.

The record states that, after the enactment, the order in question was issued and delivered to the soldier. The officers, therefore, had the authority of law for its issue, for the purposes intended by the act. If it was issued prior to the 15th of March, it was sanctioned and ratified by the resolutions of that date.

But this court, in *Briscoe* v. *Allison*, 43 Ill. 294, decided, in relation to this identical class of orders, that they were not invalid.

It is rather difficult to apprehend the point that the soldier was never credited to any of the towns of the county. The agreement, which is a part of the record, states that he was, when mustered in, credited to the county. As the towns composed the county, one or all of them derived a benefit from the enlistment.

The neglect of the board to levy a tax for the payment of the order, could, under no circumstances, invalidate the order. The contract was perfect when the enlistment was complete, the county properly credited, and the order delivered. No subsequent failure to comply with the law could change or weaken the contract when made.

The issuance and delivery of the order in another county, where the agreement was consummated, does not make it illegal. Those orders need not have attached to them any seal of office. They are properly executed when signed by the clerk and the treasurer. This mere clerical duty might

be performed in one place as well as in another, if circumstances rendered it necessary or more convenient.

From the record before us the county has been benefited by services which it has never remunerated. This is against both good law and sound morals.

We think that the judgment should be affirmed.

*Judgment affirmed.*