(No. 14368.—Reversed and remanded.)

ELIZABETH McMECHAN *et al.* Plaintiffs in Error, *vs.*
W. E. YENTER *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*

1. PLEADING—*all persons must be made parties who will be affected by the decree—injunction.* All persons must be made parties to a suit in equity who have a substantial, legal or beneficial interest in the subject matter and who will be materially affected by the decree, and when it is brought to the attention of the court that there is a want of necessary parties, the court (trial or reviewing) should not proceed further in the matter until the omission is corrected even though no objection is made; and this rule applies to a bill for injunction.

2. SAME—*when reviewing court will remand cause to enable complainants to bring in necessary party.* Where a bill for a mandatory injunction to remove a tile drain from a public highway makes the commissioner of highways a party in his official capacity but no summons is issued or served upon him in such capacity and he dies pending the suit, if his successor is not brought into the case by amendment to the bill or otherwise, the Supreme Court, on reviewing the decree dismissing the bill, will not pass upon the merits of the controversy but will remand the cause, to enable complainants, upon paying costs, to make such successor a party.

3. HIGHWAYS—*commissioner of highways should be a party to suit to remove tile drain from highway.* As the commissioner of

highways is the officer who by statute is given general charge of the highways of his town he should be notified or summoned in his official capacity in any matter concerning the highways, and where a bill is filed for a mandatory injunction to require the removal of a tile drain from a public highway the court should not proceed to a final decree unless the commissioner is present in the case in his official capacity.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

CARL E. EPLER, for plaintiffs in error.

JOHN T. INGHRAM, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

October 12, 1916, plaintiffs in error filed their bill in the circuit court of Adams county against W. E. Yenter, Daniel Graham and Thomas B. Smith, alleging that defendants in error had constructed a tile drain across a road that was then and for more than thirty years had been open to public travel, thereby throwing upon the lands of plaintiffs in error surface waters which would not naturally have flowed upon said lands, and that their lands were greatly damaged by the construction and maintenance of the tile drain. They prayed for a mandatory injunction requiring the removal of the drain. Yenter, Graham and Smith were brought into court by summons served on them October 12, 1916. March 29, 1917, plaintiffs in error filed an amended bill, in which they alleged, among other things, that Smith was the commissioner of highways of the town of Ursa and that Yenter and Graham had constructed the tile drain in question across the road with the consent and permission of the commissioner of highways. The amended bill made Yenter and Graham and "Thomas B. Smith, who is the commissioner of highways of the town of Ursa," parties defendant to the amended bill, and prayed that Yenter,

Graham and "Thomas B. Smith, as such commissioner of highways of the town of Ursa," be compelled to fill said drain so as to prevent the surface water from the lands of Yenter and Graham from coming through the drain and flowing upon the lands of plaintiffs in error, and that they be enjoined and restrained from further maintaining the tile drain or permitting the same to be maintained, and that they be required to restore the road to the same condition in which it was at the time of the construction of the drain, and that they thereafter be perpetually enjoined from in any manner interfering with the road so as to divert the natural flow of surface water from the lands of defendants in error to and upon the lands of plaintiffs in error. The amended bill prayed that the sheriff be directed to summon Yenter, Graham and "Thomas B. Smith, who is sued as commissioner of highways of the town of Ursa," but no summons was issued and none was served on Smith in his official capacity. May 15, 1917, Yenter and Graham filed their joint and several answer, in which they averred, among other things, that the road was a public highway and that they had constructed the tile drain across the public highway under the permission of the commissioner of highways of the town of Ursa. Plaintiffs in error filed a replication to this answer, and the cause was referred to the master in chancery to take evidence and to report his findings of fact and conclusions of law. The master filed his report, recommending that the relief asked be granted. Exceptions were filed to this report May 14, 1919, in which it was urged, among other things, that the relief prayed in the bill would require defendants in error Yenter and Graham to make excavations in a public highway and remove therefrom a tile drain which might be of benefit to the public highway and which the commissioner of highways might consider to be a necessary and proper improvement of the highway, and that therefore he was a necessary party to the suit. The chancellor sus-

tained the exceptions to the master's report and entered a final judgment June 9, 1921, in which he found that the merits and equities of the cause were with Yenter and Graham and dismissed the amended bill of complaint for want of equity. Plaintiffs in error have prosecuted this writ of error to review that decree.

A familiar rule of equity pleading established by the uniform holdings of this and other courts is, that all persons must be made parties who have a substantial, legal or beneficial interest in the subject matter of litigation and who will be materially affected by the decree which may be pronounced. When all the parties are before the court the whole case may be considered and all interests protected, and the court is enabled to make a complete decree binding on all parties who have a substantial, beneficial interest in the subject matter of the litigation, and thereby dispose of the whole cause. (*Spear* v. *Campbell,* 4 Scam. 424; *Prentice* v. *Kimball,* 19 Ill. 320; *Atkins* v. *Billings,* 72 id. 597; *Minnesota* v. *Northern Securities Co.* 184 U. S. 199, 22 Sup. Ct. 308.) When it is brought to the attention of the court that there is a want of necessary parties, the court, trial or reviewing, should not proceed further in the matter until the omission be corrected, even though no objection is made by any party litigant. (*Gerard* v. *Bates,* 124 Ill. 150; *Abernathie* v. *Rich,* 229 id. 412.) The general rule of equity pleading requiring that all persons should be made parties who were legally or beneficially interested in the subject matter and result of the suit, so that a complete decree may be made between them, applies to a bill for injunction. (14 R. C. L. 327; *Knopf* v. *First Nat. Bank of Chicago,* 173 Ill. 331.) The commissioner of highways is the officer who by statute is given general charge of the highways of his town, and he is the proper party to be notified or summoned in any matter concerning a public highway. (*Highway Comrs.* v. *East Lake Fork Drainage District,* 127 Ill. 581.) When a suit is brought against

a commissioner of highways and it is sought to bind him in his official capacity, he should be sued in his official and not in his individual capacity. (*Highway Comrs.* v. *Highway Comrs.* 60 Ill. 58.) No person had a right to remove this tile drain from the public highway without the consent of the commissioner of highways, and his presence in the case in his official capacity was essential to the rendition of a final decree. (*Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196.) A decree against a party in his individual capacity does not bind him in his official capacity, and if Thomas B. Smith had continued to be a party until the final decree was entered the decree would not have been binding upon him as commissioner of highways of the town of Ursa. But Smith was not in existence in his official or individual capacity when this decree was entered. He died December 19, 1919, and no effort was made to bring into the case, by amendment to the bill or otherwise, his successor in office. As we have said, the decree was entered June 9, 1921, and this writ of error was prosecuted from this court nearly two years after the death of Smith. Notwithstanding this, Smith was made a defendant in error. A dead person cannot be made a party to a suit, and since a writ of error is a new suit, no person who is the commissioner of highways of the town of Ursa is before this court in his individual or official capacity. We will not pass upon the merits of this controversy in the absence from the suit of a necessary party.

We are not disposed to dismiss the bill but will reverse the decree and remand the cause to the circuit court of Adams county, with leave to plaintiffs in error, upon payment of all costs, to make the commissioner of highways of the town of Ursa a party defendant, and with directions to the circuit court, if that is not done, to dismiss the bill at the costs of plaintiffs in error.

*Reversed and remanded, with directions.*