## Illinois National Bank, Appellee, v. Town of Bois D'Arc, Appellant.

### Gen. No. 8,039.

1. PLEADING—*objections to declaration waived by withdrawal of demurrer and filing of pleas to merits.* The withdrawal of a demurrer to a declaration, and the filing of pleas to the merits waived all objections to the declaration which did not go to the substance of recovery.

2. PLEADING—*withdrawal of demurrer to declaration on town warrant as affecting right to plead nonexecution and nondelivery thereof.* The objection of a town that it never executed or delivered a road-work warrant goes to the substance of a bank's right to sue for recovery thereon and is not waived by the town withdrawing its demurrer.

3. TOWNSHIPS—*nonliability for road-work warrants issued by highway commissioner not executed or delivered by town.* No liability against a town is created by the issuance of warrants for road work for its benefit, where such warrants were never executed or delivered by such town, but by its highway commissioner.

4. PLEADING—*effect of failure to verify plea denying execution by town of warrants for road work sued upon.* A town cannot deny execution and delivery of road-work warrants in an action therefor where it fails to verify the plea denying those acts.

5. PUBLIC CONTRACTS—*invalidity of road-work warrants as defense in action thereon by holder with notice thereof.* A bank which was not an innocent purchaser of road-work warrants cannot collect these from a town for whose benefit they were issued by the highway commissioner, for the town received no consideration for the warrants which were not issued for a purpose for which the town might become indebted under Cahill's St. ch. 139, ¶ 124.

Appeal by defendant from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1926. Reversed. Opinion filed February 28, 1927.

George P. O'Brien and Harry C. Stuttle, for appellant.

John G. Friedmeyer and Lane, Dryer & Brown, for appellee.

Mr. Justice Shurtleff delivered the opinion of the court.

Appellee bank brought its suit in the circuit court of Montgomery county against appellant, in assumpsit, to recover upon a number of warrants issued in 1920 and 1921 by the commissioner of highways of said town to the Barnett Distributing Company and F. B. Barnett and Company, said orders having been assigned by the payee in each case to appellee bank. Montgomery county is organized under the system of township government and appellant is one of the organized townships in said county. It is claimed by appellee that the warrants were issued by the highway commissioner for machinery, material and work in connection with the roads and bridges in said township, and appellant contends that the orders were pretended to be issued for no legal purpose, were without consideration, had been changed in the hands of the payee and had been issued by a conspiracy between the payee and the commissioner of highways for no purpose except to filch from the treasurer of the road and bridge fund.

Appellee bank filed the common counts and a special count based upon the warrants which were set out. Appellant town first demurred to the declaration generally and specially, pointing out by the special demurrer that the suit should have been brought against the commissioner of highways and not against the township. Later, this demurrer was abandoned and appellant filed the general issue and a second plea denying execution of the instruments sued upon, and, following the second plea, S. D. Thomas, as supervisor

of the township, appended his oath and deposed: "That he makes oath the above and foregoing plea is true in substance and in fact."

Appellant filed various other pleas covering the different defenses as stated, to which there were issues made up on the first and second pleas and replications to others, upon which issues were formed, a jury waived and the cause tried by the court. There was a finding and judgment for appellee bank in the sum of $2,227.34 and appellant has appealed.

On the trial of the cause appellee submitted the warrants in question and rested its case. Appellee submitted various proofs tending to show that the commissioner of highways had issued a portion of said orders in blank by merely signing his name on the blank; that the payee of the orders had never furnished any material or supplies for which the orders purported to be issued, and that the same were given without any consideration whatever, and that at a later date fictitious bills were inserted in the record to pretend a consideration.

On the trial of the cause appellant asked the court to find the following propositions of law:

First: The defendant Town of Bois D'Arc, Montgomery County, Illinois, is not liable for, or on account of warrants drawn on the treasurer of Bois D'Arc township by the commissioner of highways of Bois D'Arc township, and where such warrants are drawn and the treasurer refuses to pay the same, no suit can legally be maintained nor judgment rendered against the township on account thereof.

Second: In this case the commissioner of highways had no authority to draw warrants upon the treasurer of Bois D'Arc township and thereby create any legal liability against the town, or create a town charge, on account of materials or supplies for the repair and maintenance of the roads and bridges in said township.

Third: A judgment against the township of Bois D'Arc, Montgomery county, Illinois, is a town charge against said township. Town charges are payable out of the fund collected by taxation for the payment of town charges. The township funds can only be paid out upon accounts duly audited by the board of town auditors. The road and bridge fund of said township is under the control of the commissioner of highways and is held by the treasurer and paid out only upon warrants drawn against him as such treasurer by the said commissioner of highways. The commissioner of highways has no authority to draw warrants for road and bridge purposes or any other purposes and thereby create a debt of the township, payable as a town charge. The warrants in evidence are not evidence of any debt of the township of Bois D'Arc.

The court refused all three propositions of law. Appellee contends that the withdrawal of the demurrer to the declaration and the filing of pleas to the merits of the case waived all objections to the declaration not going to the substance of the right of recovery. This may be conceded to be the law of the case. However, if under the pleas appellant neither executed nor delivered the warrants in question and they were without consideration, these defenses would go to the substance of appellee's right of recovery. This brings us to the question of the nature of warrants issued by the commissioner of highways and of warrants issued by the town, upon its town account. In a very recent case, *People v. Baltimore & O. R. Co.*, 322 Ill. 623, the Supreme Court, through Mr. Justice Duncan, after reviewing fully the provisions of the Township Organizations Act and sections of the Road and Bridge Act, held:

"The provisions of section 40 of the Road and Bridge act are, that for all purposes relating to the construction, repair, maintenance and supervision of roads and bridges the several towns in counties under

township organization, and road districts in counties not under township organization, shall, as near as may be, and subject to the provisions of the act, be regarded as analogous in corporate authority, and the powers and duties of the highway officers thereof shall be similar in exent and effect. By section 41 of the act road districts in counties not under township organization are declared to be corporations, with power to sue and be sued. Under former statutes it has been decided that commissioners of highways in towns were *quasi* corporations, as distinguished from the corporation of the town itself, with power to sue and be sued. (*Sheaff v. People,* 87 Ill. 189; *Highway Com'rs v. Highway Com'rs,* 60 id. 58.) In the case of *McMechan v. Yenter,* 301 Ill. 508, this court recognized that the commissioner of highways was the proper official to be notified or summoned in his official capacity in any matter concerning the highways.

"Under section 56 of the Road and Bridge act the commissioner of highways for each town or road district is given the power to levy, annually, a tax for road and bridge purposes on the property in his district or town. The levy is limited to the rate of sixty-six cents on the $100 assessed valuation of property, but in towns the commissioner is not permitted to levy more than fifty cents on the $100 assessed valuation without the consent in writing of a majority of the board of town auditors of his town. Taxes for road and bridge purposes can be levied only under this section by the highway commissioner. The board of town auditors only have the power to consent to such a levy by the commissioners when the rate exceeds fifty cents on the $100 valuation. (*Robinson v. McKenney,* 239 Ill. 343.) Under section 52 of the Roads and Bridges act the treasurer of the road and bridge fund shall receive and have charge of all moneys raised in the town or district for the support and maintenance of roads and bridges therein and for road

damages. He shall hold such moneys at all times subject to the orders of the commissioners of highways and pay them out upon the order of the commissioners, and not otherwise, and shall keep an account in a book provided by the commissioners, of all moneys received and of all moneys paid out, showing in detail to whom and on what account the same is paid.

"The foregoing provisions of the 13th article of the Township Organization act and of the Roads and Bridges act show clearly that there are just two kinds of taxes to be levied in towns in counties under township organization: (1) Town taxes for town charges, which are specified in said section 8 of article 13 of the Township Organization act, taxes or charges for road and bridge purposes being not mentioned as a town charge or town tax; and (2) taxes for road and bridge purposes, which are only levied and collected and paid under the authority of the Roads and Bridges act aforesaid. It is thus very clearly shown that town charges as enumerated in section 8 of said article 13 of the Township Organization act are the only claims which can be audited and allowed by the board of town auditors so that the town tax may be levied and extended to pay them. There is just one exception to this last statement, and that is in the case of a judgment rendered against a town as distinguished from a road district. There was no judgment or judgments rendered against the town in question for any of the items composing the said sum of $5840.44,—the amount of the accounts audited and certified as aforesaid. There can be no question but the said claims so audited and certified were claims for road and bridge purposes. These facts are admitted by appellee, and in its brief it is stated that the claims aforesaid are outstanding debts which the highway commissioner incurred at the request and with the consent of the supervisor of the town of Bedford and with the ap-

proval of the county superintendent of highways, Wayne county. It is further stated that these claims are claims for which the holders thereof would have been entitled to judgment against the town of Bedford if they had brought suit therefor. We do not agree with the latter contention of appellee. They were claims against the highway commissioner. Appellee simply contends that there is no showing in this record that the claims in question were not incurred by the highway commissioner at a time when he did not have money in the road and bridge fund for taxes levied to pay them, and that therefore the claims must be considered binding obligations of the town, for which a judgment could be obtained against the town. There is no authority for such contention. The only authority given the board of town auditors in said article 13 with reference to claims for road and bridge purposes is that mentioned in section 4 of said article 13, which is the right to audit or examine the accounts of the commissioners of highways of such town for all moneys received and distributed on their order. There is not even a suggestion of authority in all of article 13 to the board of town auditors to audit and certify such claims for road and bridge purposes for the purpose of taxation, or for the claim that a payment for road and bridge purposes or a claim for such purposes is a town charge for which the town is liable and may levy a town tax for same.

"If the board of town auditors should be recognized as having authority to audit and allow the claims for road and bridge expenses as a charge against the general fund of the town and have the same certified for the purpose of taxation against the town, then the limit of taxation of sixty-six cents for road and bridge purposes fixed by the Road and Bridge act would be, in effect, rendered null and void, because there is no limit on the board of town auditors or the towns as to the amount of taxes that may be raised for strictly

town purposes as enumerated in said article 13 of the Township Organization act. This court did say in *People v. Block,* 276 Ill. 286, that the highway commissioner has the right to incur liabilities and to levy a tax for road and bridge purposes. We further there said that the commissioner possesses the only authority conferred by law for levying a tax or incurring a liability for road and bridge purposes. There is no intimation in that case that such a liability is the liability of the town as distinguished from the road district. The fact is that the claims in this case are proper claims against the road commissioner for road and bridge purposes so far as the facts appear in this record, but they are not a proper charge against the town aforesaid.''

With this holding before us there can be no question but that the warrants presented in this case were not executed or delivered by appellant and were not proper charges (whatever their merit) upon the town fund of appellant, and to allow them as such would be against the public policy of the State and a mere subterfuge under which the tax limitation for road and bridge purposes would be set at naught, and taxes without limit could be raised for a township fund out of which roads and bridges could be constructed and repaired and judgments for the same purpose satisfied and paid. In the opinion of this court the warrants in question were not a charge against or a liability of the appellant.

Appellee, however, contends that appellant cannot deny the execution and delivery of the instruments in question, inasmuch as appellant filed no verified plea denying the execution and delivery of the instruments under section 52 of the Practice Act [Cahill's St. ch. 110, ¶ 52], and cites *Brewer & Hoffman Brewing Co. v. Boddie,* 59 Ill. App. 45, where it is held upon a verification following two pleas, one of nonassumpsit and the other denying the execution of a lease: ''Such an

affidavit appended to two pleas verifies neither. If charged with perjury in swearing to either, his defense might be that he meant the other,'' etc., all of which is sound reasoning.

In *County of Cook v. Schaffner,* 46 Ill. App. 614, this question was directly passed upon and in an apparently well-considered opinion bearing upon the question it was held that the section of the Practice Act in question did not apply to municipal corporations. However, in later cases—*City of Chicago v. Peck,* 196 Ill. 260, and *McGovern v. City of Chicago*—it has been held that the act did apply to municipal corporations, so that, in this case, we are not at liberty to hold under appellant's second plea that appellant did not execute the warrants in question. Appellant, however, by its fifth plea and second additional plea, pleaded no consideration accruing to appellant for the warrants in question, and certainly, under the very nature of the warrants, of which appellee had full and sufficient notice, it is patent that no consideration accrued to appellant by reason of the issuing of these warrants, and they are wholly without consideration so far as appellant, in its capacity as a township, is concerned. Appellee cannot claim to be an innocent purchaser of said warrants.

The propositions of law submitted by appellant should have been held by the court to be the law.

For the reasons stated, the judgment of the circuit court of Montgomery county is reversed.

*Reversed.*