Carter Euziere, Trading as Leon Euziere Company, Appellee, v. The Highway Commissioner of the Town of Rockville of Kankakee County, Illinois, Appellant.

## Gen. No. 8,294.

at the October term, 1930. Heard in this court Opinion filed January 15, 1931,

Hunter & Minor, for appellant.

A. L. and C. M. Granger, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant in the circuit court of Kankakee county to recover the amount alleged to be owing for certain materials furnished by appellee to appellant as highway commissioner.

The declaration consists of the common counts and one special count, which special count is as follows:

"For that, whereas, the defendant, on etc., in the county aforesaid, was a quasi corporation, and it was the defendant's duty to keep the roads and bridges of the said Town of Rockville in repair and to improve the same so far as practicable, for which purpose the defendant annually levied a general road and bridge tax and a special tax for road and bridge purposes, which special tax was authorized by vote of the people of the Town of Rockville, the said defendant in and about the repairing and the reasonable improving of the roads and bridges of the said town did request the sale and delivery of certain goods, chattels and effects of the plaintiff, and promised, upon such delivery, to pay to the plaintiff what the same were reasonably worth, and thereupon the plaintiff did deliver to the defendant certain goods, chattels and effects, which were reasonably worth $2,000, of which the defendant had notice, and the defendant accepted the same and the same were used in repairing and improving the roads and bridges in the said town, as aforesaid; yet the defendant, although requested, has not paid the said sum, or any part of it, to the plaintiff, but has refused so to do," alleging damages, etc.

A general and special demurrer filed to said declaration was overruled and, appellant electing to abide

his demurrer, judgment *nil dicit* was rendered against the appellant for $1,290.18 and costs. To reverse said judgment, this appeal is prosecuted.

It is first insisted that the declaration is fatally defective in that it does not aver that there was "money in the treasury, or that a tax had been levied to meet the obligation sued on." In this connection it is contended "that the commissioner of highways, who is an officer and agent of the state, has no power to make a legal contract for any purpose, unless at such time (a) there is money in the treasury to pay the same, or (b) a tax has been levied to meet the obligation."

Paragraph 5 of section 50 of the Roads and Bridges Act, Cahill's St. ch. 121, ¶ 56, provides that highway commissioners shall "direct the construction, maintenance, and repair of roads and bridges within the town or district, to let contracts, employ labor and purchase material and machinery therefor, subject to the limitations herein provided: Provided, however, that no contract shall be let for the construction or repair of any road or bridge or part thereof in excess of the amount of $200.00, nor shall any material, machinery or other appliances to be used in road construction or maintenance of roads in excess of such amount be purchased without the approval of the county superintendent of highways."

Paragraph 6 provides that such commissioner shall have "general charge of the roads and bridges of his town or district, to keep the same in repair and to improve them so far as practicable."

So far as the reading of said statute is concerned, the only limitation on the power of highway commissioners to make contracts incident to the repair, etc., of highways, is that contracts in excess of $200 must be approved by the county superintendent of highways.

"The commissioner of highways is the officer who, by statute, is given general charge of the highways of

his town, and he is the proper party to be nôtified or summoned in any matter concerning a public highway. (*Highway Commissioners v. East Lake Fork Drainage District,* 127 Ill. 581.)'' *McMechan v. Yenter,* 301 Ill. 508–511.

''When a suit is brought against a commissioner of highways, and it is sought to bind him in his official capacity, he should be sued in his official and not in his individual capacity. (*Highway Commissioners v. Highway Commissioners,* 60 Ill. 58.)'' *McMechan v. Yenter, supra,* 512.

Under former statutes, it has been decided that commissioners of highways in towns were quasi corporations, as distinguished from the corporation of the town itself, with the power to sue and be sued. *Sheaff v. People,* 87 Ill. 189; *Highway Commissioners v. Highway Commissioners, supra; McMechan v. Yenter, supra,* 512.

The grounds urged by appellant in support of his demurrer might be good, if the contract were executory, but where the contract is executed, as here, it is not necessary to aver that the money was in the treasury or that a tax had been levied to cover the amount of the contract.

''Where the law charges a municipality with the performance of certain duties, involving the creation of obligations and indebtedness, and authorizes it to exercise powers which may result in the creation of legal demands against it, it may be necessary for it to perform these duties and exercise these powers, even if there is no money in its treasury and no tax has been levied or is in process of collection.'' *County of Coles v. Goehring,* 209 Ill. 142–164. To the same effect is *Town of Kankakee v. McGrew,* 178 Ill. 74–80. In the latter case, the court discusses this subject at some length, and holds that a municipality may bind itself in connection with matters about which it is empowered to contract, even though there is no money in the

treasury at the time the contract is entered into to cover the same.

It is next insisted that the declaration is defective in not averring that a demand for payment had been made upon the treasurer. No authority cited by appellant sustains this contention. We know of no law requiring such averment to be made where the contract is executed.

Appellant also insists that the contract on which appellee bases his suit is illegal, and that appellant is not estopped to make such defense, even though the highways have received the benefit thereof.

Actions in assumpsit may be maintained to recover from municipal corporations for materials received and used by such municipalities, and labor performed for the same and of which the municipality has had the benefit. *County of Coles v. Goehring, supra,* 164; *County of Jackson v. Hall,* 53 Ill. 440; *Maher v. City of Chicago,* 38 Ill. 266; *Clark County v. Lawrence,* 63 Ill. 32.

In *County of Coles v. Goehring, supra,* the court at page 169 says, quoting from *Hitchcock v. Galveston,* 96 U. S. 341:

"It is enough for them (the plaintiffs) that the city council have power to enter into a contract for the improvement of the sidewalks; that such a contract was made with them; that under it they have proceeded to furnish materials and do work, as well as to assume liabilities; that the city has received and now enjoys the benefit of what they have done and furnished; that for these things the city promised to pay, and that, after having received the benefit of the contract, the city has broken it."

In *McGovern v. City of Chicago,* 281 Ill. 264, the court at page 283, quoting from *People v. Spring Lake Drainage & Levee District,* 253 Ill. 479, says:

" 'Contracts entered into by a municipality which are prohibited by express provision of the law, or

which under no circumstances could be legally entered into, are uniformly held to be ultra vires and void, and cannot be rendered valid, as against the municipality, by receipt of the consideration or other matter of estoppel, and cannot be rendered valid and binding by any act of the municipality ratifying the same. (1 Dillon on Mun. Corp.—5th ed.—sec. 323.) There is another class of municipal contracts which are usually classed as ultra vires which are only so in a limited or secondary sense. . . . This class of municipal contracts is well illustrated by the case of *City of East St. Louis v. East St. Louis Gas Light and Coke Co.*, 98 Ill. 415. In that case the city of East St. Louis contracted for the lighting of its streets with the gas company, at a fixed price per light, for the term of thirty years. A suit was brought by the gas company to recover the monthly installments that were past due under the contract. The city defended on the ground that the contract was ultra vires and that no suit could be maintained thereon. This court held that the lighting of the streets was a purpose clearly within the corporate powers of the city; that the contract had no element of illegality in it and that it was only illegal in respect to the term of its duration; that the corporation having received the benefits under a contract which was merely ultra vires, it was bound to pay for the benefits received, and that the rule applicable to municipal corporations in this regard was the same as in the case of a private corporation. . . . Contracts made by a municipality which are merely ultra vires in a modified or secondary sense may be ratified and any defect in the manner of exercising the power thereby cured, and the municipality may likewise estop itself by acts *in pais* from setting up the defense of ultra vires.—2 Dillon on Mun. Corp.—5th ed.—sec. 797.' ''

In *Badger v. Inlet Drainage Dist.*, 141 Ill. 540, the court at page 540 says: "The doing of the thing in a proper way is a legitimate charge upon the revenues of the municipality, and so, when it is done and accepted and enjoyed by the municipality, the municipality gets what it had authority to get in a different way, and it should therefore pay for it what it would have had to pay had it got it in the right way." Citing *Town of Bruce v. Dickey*, 116 Ill. 527; *Maher v. City of Chicago*, 38 Ill. 266; *City of Chicago v. Norton Milling Co.*, 196 Ill. 580.

It is insisted by appellee that the demurrer running to the declaration with the common counts included therein, being bad as to the common counts, would be bad as to both counts of the declaration. There is some merit in this contention. We thought best, however, to pass on the merits of the declaration, in view of the importance of the questions involved. Under the foregoing authorities, the declaration states a good cause of action, and the court rightly overruled the demurrer to the same.

While other errors were assigned, what we have already said sufficiently disposes of the same and it will not be necessary to discuss them in detail.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*