(No. 25174.– )

HARRY I. LANGSON, Appellant, *vs.* SOL H. GOLDBERG *et al.*
Appellees.

*Opinion filed February 13, 1940—Rehearing denied April 3, 1940.*

JOSEPH B. GILBERT, for appellant.

WILLARD C. WALTERS, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The 32 South State Street Building Corporation, herein referred to as the building corporation, issued $1,100,000 par value of interest-bearing bonds, and secured them by a trust deed on certain long-term leasehold interests. Sol. H. Goldberg, an appellee, was interested in the building corporation and, as further security to the bonds, executed a contract guaranteeing the payment of the taxes on the property described in the trust deed, the bonds, interest and the full performance by the building corporation of all its covenants. Harry I. Langson owned three bonds, $700 par value, and in December, 1937, on behalf of himself and all others similarly situated, began this action against the building corporation and appellee Goldberg to compel a specific performance of certain provisions of the trust deed, and to require Goldberg to carry out the guaranty contract by fulfilling the covenants of the trust deed wherein the building corporation had failed. He also asked for the removal of the trustee and the appointment of another.

Appellee Goldberg moved for a judgment on the complaint, and in support thereof alleged that bonds totaling $230,000 par value had been canceled in compliance with the sinking fund provisions of the trust deed, and that the other holders of bonds were necessary parties; that appellant had no right to appear in a representative capacity for the other parties, and that the allegations in reference to fraudulent representations stated conclusions and not facts. The motion was sustained and the complaint dismissed for want of equity. The Appellate Court affirmed the decree and this court granted leave to appeal.

In answer to appellees' contention that there was an omission of parties, appellant refers to the allegations in the complaint that the suit was brought on behalf of himself and all others similarly suitated, and argues that, as a holder of bonds, he has the right to appear for and on behalf of the other bondholders. Appellant bases his action

upon the alleged breach of a part of the provisions of article 3 of the trust deed. The facts, as shown by the complaint, are that the bonds, trust deed and guaranty contract were all dated May 15, 1928. Article 3 provided for the creating of two funds, one to be designated the "interest fund," the other, the "sinking fund." Interest on the bonds was to be paid from the interest fund and it having all been paid, no question is raised in regard to that fund. The sinking fund was to be created by monthly payments, graduated in amounts from a minimum of $2000 to a maximum of $3666.67. The first payment was due November 15, 1929, and monthly, thereafter, to April 15, 1943. The due date of all the bonds was May 15, 1943, but each bond was subject to call under the redemption provisions of article 3 of the trust deed any time after April 15, 1930. The bonds were payable to bearer or, if registered, to the registered holder, and bore six per cent interest per annum, payable semi-annually.

The trustee named to hold the sinking fund was to use the money in the account in the purchase of outstanding bonds. In making the purchase he was limited to those bonds which were tendered to him for sale and was not to pay a price in excess of one hundred and one per cent of the principal and accrued interest. Purchase with money from the sinking fund was prohibited any time when there was default in the sinking fund payments or the other covenants of the trust deed. April 15, 1930, and annually thereafter, the trustee was authorized to designate, by lot, the bonds which were redeemable in the current year. If the sinking fund on April 15, 1930, and each anniversary date thereof, was in excess of $10,000, the same was to be used in the redemption of such bonds as the trustee designated by lot.

It is alleged that none of the monthly payments to the sinking fund had been made but that the total accruing to the time of the commencement of the suit was $232,000.08. The building corporation or appellee Goldberg, or both, ad-

vanced money from time to time which was used in the redemption of bonds, but the money was not paid into the sinking fund. The bonds so redeemed equalled in par value the amount which would have been redeemed by the monthly payments into the sinking fund. The redemption thus effected by the building corporation and appellee Goldberg reduced the bonded indebtedness to $870,000. The bonds that were redeemed by the building corporation or appellee Goldberg could not be reissued or called for redemption through the sinking fund. It is alleged that the rental income had decreased and the property described in the trust deed was scant security for the bonds remaining unpaid.

It was further stated that certain holders of bonds executed a waiver agreement and that the building corporation and appellee Goldberg claimed that such waiver agreement released them from the sinking fund provisions of article 3. Appellant alleges that the waiver agreements were procured through the fraud of appellees and the prayer is that such waiver agreements may be declared void.

Appellant claims the right as a holder of bonds to represent all those persons who hold outstanding bonds. It is apparent that such bondholders are, as far as this litigation is concerned, divided into two classes, those who executed the waivers and the ones who did not. It is not necessary to consider whether appellant had the right to appear as a representative of the class who did not execute waivers, as there is no allegation in the complaint that there were others who did not sign. The question is in reference to appellant's right to appear as a representative of a class for those who did execute waivers. The right of a member of a class to appear in an equitable action as the representative of the class and bind others of the class as to the result, arises out of the common or general interest that every member of the class has in the questions involved and the result sought. If such interest is lacking, there can

not be class representation, and every person whose interest would be affected by the litigation must be made a party to the proceeding or his interest is not bound by the result. Appellant not only fails to have the common or general interest with the holders of the bonds who executed waivers, but, in seeking to cancel such waivers, he takes a position antagonistic to them. He seeks to litigate for them, as their representative, a matter which, as far as this record shows, is satisfactory to them. Such conflicting interest prevents class representation in this action.

Furthermore, appellant seeks to cancel the waiver agreements because they were procured by means of fraudulent representations made by appellees. The rule is, that an action for such relief is personal to the person who suffered by the fraud and can not be made the basis of a representative suit. *Brenner* v. *Title Guarantee and Trust Co.* 276 N. Y. 230, 11 N. E. (2d) 890; also, Annotations, 114 A. L. R. 1015.

Appellant does not allege he signed a waiver agreement or that his rights were in any way prejudiced by the fraudulent representations of appellees practiced upon the other bondholders. He is, therefore, undertaking to litigate for others matters in which he has no interest. Even though the holders of bonds who executed the waiver agreements were made parties defendant to this proceeding, there would be no equitable rule by which appellant could compel them to sue in this action for a cancellation of the waivers. Failure to bring the necessary parties before the court would ordinarily stay the proceeding until they were before the court, (*McMechan* v. *Yenter,* 301 Ill. 508; *Webster* v. *Jackson,* 304 id. 569; *Mortimore* v. *Bashore,* 317 id. 535;) but under the facts pleaded and the views expressed, such procedure would be useless.

The complaint does not state the total number of persons holding outstanding bonds except there is a conclusion that they are numerous, neither does it show the number

who signed the waiver agreement. It may well be that appellant, who held three bonds at the par value of $700 out of the total outstanding bond issue of $870,000, was the only one who did not execute such a release. Under such circumstances, it would be inequitable to decree the building corporation and appellee Goldberg to deposit, in a sinking fund, $230,000, when there was only $700 par value of bonds which had not been released from the sinking fund provision of the trust deed.

The judgment of the Appellate Court, affirming the decree of the circuit court of Cook county dismissing the complaint for want of equity, was correct, and is affirmed.

*Judgment affirmed.*