93 Ill. App.2d 89 (1968)
235 N.E.2d 13
Karen Blazer and Howard Blazer, Minors, by Gladys Blazer, Their Mother and Next Friend, Gladys Blazer and Eugene Blazer, Plaintiffs-Appellants,
v.
Highway Commissioner of Marengo Township, Defendant-Appellee.
Gen. No. 67-113.
Illinois Appellate Court  Second District.
March 11, 1968.
*90 Pollock, Meyers & Eicksteadt, of Marengo, for appellants.
Kell and Conerty, of Woodstock, for appellee.
MR. JUSTICE DAVIS delivered the opinion of the court.
The plaintiffs filed this action to recover for personal injuries and for property damage to an automobile, allegedly suffered by reason of the negligence of the defendant in failing to maintain, repair and preserve River Road in such manner as to provide a safe surface thereon for the passage of vehicles. This action was brought against the "Highway Commissioner of Marengo Township," as defendant. The plaintiffs alleged, in the various counts of their complaint, that the defendant had the duty to maintain the road in question in a state of repair sufficient *91 to permit safe travel by the general public and by plaintiffs; and that the defendant breached this duty.
The defendant filed a motion to dismiss, solely on the ground that the named defendant does not have legal capacity to be sued as it is neither a natural nor artificial person, but rather, an office or description of an individual person elected to such office. The court granted the defendant's motion and ordered that the complaint be dismissed. Apparently, leave was not sought to amend the complaint, nor was it granted.
The plaintiffs have appealed from the order dismissing the complaint, and have presented to this court the single issue of whether or not the "Highway Commissioner of Marengo Township" has the capacity to be sued.
[1] At the outset, we must answer the defendant's contention that there was not a final order from which an appeal could be taken. The defendant points out that the order merely dismissed the complaint; that the plaintiffs were invited to amend their complaint to name the particular highway commissioner in office at the time of the incident, or his executor  in that he had died prior to the bringing of this action  , and that the plaintiffs refused to do so.
We believe that the decisions recently rendered by this court in Martin v. Masini, 90 Ill. App.2d 348, 232 NE2d 770 (1968), and Peach v. Peach, 73 Ill. App.2d 72, 78, 218 NE 2d 504 (1966) sufficiently answer the defendant's contention. The order, in the case at bar, terminated the litigation between the parties and finally determined, fixed and disposed of their rights as to the issues made. It was final and appealable and the appeal properly brings the issue in question before this court.
With reference to the merits of the appeal, we are of the opinion that the defendant has the capacity to be sued. The relevant statute provides that the highway commissioner "shall" perform certain functions, among which are: determine the taxes necessary to be levied on *92 property within his district for road purposes, and separately state the amounts to be levied for the construction and maintenance of roads and bridges, the purchase of machinery and repairs thereto, and for other items; lay out, alter, widen or vacate roads; direct the expenditure of all moneys collected in the district for road purposes and draw warrants therefor; "(C)onstruct, maintain, and repair and be responsible for the construction, maintenance and repair of roads within the district"; have "general charge of the roads of his district, keep the same in repair and to improve them so far as practicable"; and have authority to purchase or lease highway construction and maintenance equipment. (Ill Rev Stats 1965, c 121, pars X-XXX-XXX.17 incl.)
Section 6 of Article V of the Township Organization Act (Ill Rev Stats 1965, c 139, par 49) provides that in all suits by or against town officers, in their name of office, costs shall be recovered as in other cases and that "(J)udgments recovered against a town or against town officers in actions prosecuted by or against them, in their name of office, shall be a town charge, and when collected shall be paid to the person or persons to whom the same shall have been adjudged." Section 6-402 of the Roads and Bridges Act (Ill Rev Stats 1965, c 121, par 6-402) provides that Highway Commissioners "may be proceeded against jointly by any parties interested in such bridges or culverts, for any neglect of duty in reference to such bridges or culverts, or for any damage growing out of such neglect." And, section 6-412.1 of the Roads and Bridges Act, as well as section 3.24 of Article IV of the Township Organization Act (Ill Rev Stats 1965, c 139, par 39.24) authorize township highway commissioners to purchase liability insurance for themselves, their agents and employees against any liability or loss resulting from the wrongful or negligent act of such officer, agent or employee while discharging and engaged in his duties or functions.
*93 [2, 3] These statutes are in pari materia and should be construed together. People ex rel. Bell v. New York Cent. R. Co., 10 Ill.2d 612, 621, 141 NE2d 38 (1957); Bronson v. Washington Nat. Ins. Co., 59 Ill. App.2d 253, 260, 207 NE2d 172 (1965). The implication of the foregoing sections is that the "highway commissioner" is both the office and the officers and that he can sue and be sued.
In Euziere v. Highway Com'r of Town of Rockville, 346 Ill. 131, 134, 136, 178 NE 397 (1931), where the highway commissioner was sued as an entity, the court referred to some of the above powers and duties conferred upon the commissioner of highways by statute, and treated the office as a quasi-public corporation with implied powers to do those things necessary to exercise the powers conferred and to perform the duties enjoined upon it by law.
In Highway Com'rs of Town of Rutland v. Highway Com'rs of Town of Dayton, 60 Ill. 58 (1871), both the plaintiff and the defendant were highway commissioners and the suit was brought by and against each in his official  as opposed to individual  capacity. It was there contended that the suit should have been brought in the individual names of the officers. The court disagreed and stated on page 61 that the officers should sue in their official, as opposed to their individual, capacities. Thus, the court recognized the highway commissioners as quasi-corporations.
In McMechan v. Yenter, 301 Ill. 508, 511, 512, 134 NE 39 (1922) the court held that in a suit seeking a mandatory injunction to compel the removal of certain tile drains from public highways, the commissioner of highways, in his official capacity, was a necessary party. In remanding, with directions to make the "commissioner of highways of the Town of Ursa" a party defendant, the court noted that when a suit is brought seeking to bind the commissioner of highways in his official capacity, *94 "he should be sued in his official and not his individual capacity." Thus, the court recognized that a decree against a party in his individual capacity does not bind him in his official capacity. Also see: People v. Baltimore & O.R. Co., 322 Ill. 623, 627, 153 NE 697 (1926); Euziere v. Highway Commissioner of Town of Rockville, 260 Ill. App. 29, 32 (1931); Illinois Nat. Bank v. Town of Bois D'Arc, 243 Ill. App. 587, 591 (1927).
Black's Law Dictionary (4th ed 1957) defines quasi-corporations as:
"Organizations resembling corporations; municipal societies or similar bodies which though not true corporations in all respects, are yet recognized by statutes or immemorial usage as persons or aggregate corporations, with precise duties which may be enforced, and privileges which may be maintained by suits at law." (Emphasis ours.)
Our courts, on numerous occasions, have recognized a township highway commissioner as a quasi-public corporation, distinct and apart from the entity of the Town or Township, and possessing both the capacity to sue and to be sued. People v. Rice, 356 Ill. 373, 376, 190 NE 681 (1934); Roesch-Zeller, Inc. v. Hollembeak, 5 Ill. App.2d 94, 107, 124 NE2d 662 (1955); Illinois Nat. Bank v. Town of Bois D'Arc, supra. Also, section 18 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 18) acknowledges the right to sue a "quasi" municipal corporation, as well as a municipal or public corporation, by providing the manner of service of summons in a suit against a quasi-municipal corporation.
[4] This suit was properly brought against the office of the Highway Commissioner of Marengo Township if it was the plaintiff's intent  as it apparently was  to seek to bind that office in its official capacity. The plaintiffs could have added the name of the present commissioner, *95 but that would have been mere surplusage. Also, if the plaintiffs had sued a named individual as Highway Commissioner, they would have invited additional procedural and substantive legal problems by virtue of the expiration of the individual's term of office and, as in the case at bar, because of the death of the individual. Highway Com'rs of Town of Rutland v. Highway Com'rs of Town of Dayton, supra, 61, 62. The motion to dismiss the complaint should have been denied.
The only ground raised by the defendant in its motion to dismiss was that it lacked capacity to be sued. We have answered this contention. However, both parties, by brief and argument in this court, also raised and discussed the issue of whether the defendant may be held liable in its official capacity for the tort allegedly committed. This issue was probably considered in the trial court, and undoubtedly will be raised on remand of the case; consequently, we will briefly consider it.
Until the relatively recent case of Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill.2d 11, 163 NE2d 89 (1959), there was little concern over this issue because of the prevailing doctrine of governmental immunity from tort liability. In holding that such immunity should no longer exist, the court stated on page 20 that the underlying concept of the law of torts today is that liability follows negligence, and that individuals and corporations are responsible for the negligence of their agents and employees acting in the course of their employment. The court held that this principle should apply to the school district in question  a quasi-municipal corporation. At page 24, the court quoted from Dean Harno (Harno, Tort Immunity of Municipal Corporations, 4 Ill LQ 28, 42), as follows:
"A municipal corporation today is an active and virile creature capable of inflicting much harm. Its civil responsibility should be co-extensive. The municipal *96 corporation looms up definitely and emphatically in our law, and what is more, it can and does commit wrongs. This being so, it must assume the responsibilities of the position it occupies in society."
In Harvey v. Clyde Park Dist., 32 Ill.2d 60, 203 NE2d 573 (1964), the court again held that a quasi-municipal corporation  a park district  was not protected by the doctrine of governmental immunity. At page 63 the court recognized that township and district highway commissioners are fully liable for neglect of duty, and cited Ill Rev Stats 1963, c 121, par 6-402 as authority for such conclusion, which section stands unaltered in the Illinois Revised Statutes of 1967.
[5] The rationale of the Molitor case is equally applicable in this case. We have recognized the status of a township highway commissioner as a quasi-public corporation  an entity created for the purpose of, and charged with the duty of, maintaining certain roads and bridges. To the extent that there may be negligence, in some manner, in the carrying out of these duties by the officer, his agents or employees in the course of their employment, the quasi-public corporation, the defendant, may be held liable therefor.
The fact that the agent or employee of the Highway Commissioner of Marengo Township, or the individual holding the office in question, under certain circumstances, may also be personally or individually liable, does not affect the liability which may also be imposed on the quasi-public corporation, the defendant.
We are not expressing an opinion as to whether or not liability in fact exists in this case, in that such question is not in issue before us. We have determined only that the defendant has the capacity, not only to be sued, but, also, to be held liable for the commission of torts.
*97 For the foregoing reasons, the cause is reversed and remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded with directions.
ABRAHAMSON, P.J. and SEIDENFELD, J., concur.